CONTEX, INC., APPELLEE, *v.*
CONSOLIDATED TECHNOLOGIES, INC.
ET AL., APPELLANTS; TOPPER ET AL.

(No. C-860407—Decided
January 27, 1988.)

*Steer, Strauss, White & Tobias* and
*R. Guy Taft,* for appellee.
*Bernard C. Fox,* for appellants.

SHANNON, J. Defendants-appellants Consolidated Technologies, Inc. ("Consolidated Technologies"), Nathaniel J. Kuller and Craig S. Merton have taken the instant appeal from the judgment entered by the court below upon its finding the appellants in contempt of an injunction restricting their solicitation of business under the name "Consolidated Technologies, Inc." On appeal, the appellants contest the standard of proof applied and the balance struck by the court below in weighing the evidence adduced at the hearing on the motion for contempt.

In August 1985, plaintiff-appellee ConTex, Inc. ("ConTex"), a corporation engaged in the business of management consultation, brought an action against five of its former employees, including Kuller, Merton and defendant Steven D. Topper, and Consolidated Technologies, a management consultation firm formed by Merton while he was under contract to ConTex. ConTex, in its complaint, charged the defendants with deceptive business practices, fraud, unfair competition and breach of contract, and sought compensatory and punitive damages, injunctive relief, costs and attorney fees.

On August 28, 1985, the court below, upon motion, issued a temporary restraining order restricting the defendants' contact with past, present and prospective clients of ConTex. On September 17, ConTex filed a motion for contempt against Consolidated Technologies and Merton, alleging violations of the temporary restraining order. At the November 6 hearing on the motion for contempt, the parties recited to the court their negotiated agreement for a preliminary and permanent injunction, and on January 13, 1986, an agreed entry to that effect was placed of record. Pursuant to the agreement, effective November 7, 1985, the defendants were enjoined from contacting or soliciting persons or entities included in a list of clients submitted by ConTex and from using the name "Consolidated Technologies, Inc." There were two exceptions to the latter prohibition: use of the name was permitted (1) for a period of six months in dealing with clients included in a list to be submitted by the defendants; and (2) in accepting payment for services rendered until the termination of any pending project.

In April 1986, ConTex filed a motion for contempt against Consolidated Technologies, Kuller, Merton and Top-

per, alleging violations of the injunction. Following a hearing on the motion, the trial court entered findings of contempt against Consolidated Technologies, Merton and Kuller, imposed upon the contemnors fines of $700 each, sentenced Merton and Kuller to ten days' confinement, and awarded ConTex the expenses incurred in pursuing the motion for contempt.[1] The court further offered the contemnors an opportunity to purge the fines and sentences of confinement upon satisfaction of the expense award by July 11, 1986, and upon some demonstration of compliance with the injunction. From that judgment, appellants have taken the instant appeal in which they advance two assignments of error.

The appellants contend in their first assignment of error that the judgment of contempt entered below was criminal in nature and that the judgment of the trial court, entered upon proof less than beyond a reasonable doubt, was contrary to the manifest weight of the evidence. We find no merit to this contention.

When appellate review of a contempt adjudication entails an inquiry into the weight of the evidence to sustain the judgment, the applicable standard of review turns upon the nature of the contempt decree. A finding of civil contempt may be made upon clear and convincing evidence, whereas a judgment of criminal contempt re-

quires proof beyond a reasonable doubt. *Brown* v. *Executive 200, Inc.* (1980), 64 Ohio St. 2d 250, 18 O.O. 3d 446, 416 N.E. 2d 610. Therefore, the threshold issue to our underlying inquiry is whether the instant contempt adjudications are civil or criminal in nature.

In determining the nature of a contempt decree, a reviewing court is not bound by the trial court's characterization of the decree as civil or criminal but must independently ascertain its nature. *Latrobe Steel Co.* v. *United Steelworkers of America* (C.A. 3, 1976), 545 F. 2d 1336, 1342. Neither the fact of punishment nor the nature of the contemnor's conduct is a differentiating factor. *Shillitani* v. *United States* (1966), 384 U.S. 364; *Latrobe Steel Co., supra,* at 1342-1343. Rather, the significant variables are the purpose and character of the sanctions. *Lamb* v. *Cramer* (1932), 285 U.S. 217, 220-221; *Brown, supra,* at 253, 18 O.O. 3d at 448, 416 N.E. 2d at 613.

The purpose of criminal contempt sanctions is to vindicate the authority of the court, *Brown, supra,* at 254, 18 O.O. 3d at 449, 416 N.E. 2d at 613, and to punish past acts of disobedience. *Latrobe Steel Co., supra,* at 1343. The penalties imposed on a criminal contemnor are unconditional, *Brown, supra,* at 253-254, 18 O.O. 3d at 449, 416 N.E. 2d at 613, and may take the shape of an absolute fine for a specific amount or a determinate period of con-

---

[1] R.C. 2727.12 empowers a court to impose upon a contemnor a fine of up to $200, to order restitution and to require a contemnor to give further security to obey an injunction. Former R.C. 2705.05, which was in effect at the time of the judgment below and which was cumulative with R.C. 2727.12, see *State, ex rel. Bruns Coal Co.,* v. *Compton* (1953), 96 Ohio App. 541, 55 O.O. 127, 123 N.E. 2d 43, empowered a court to impose upon a contemnor a fine of up to $500 and to order confinement for up

to ten days. In addition, and notwithstanding the absence of express statutory authority, the court, in its discretion, may award to a complainant the reasonable costs of enforcing an injunction. See *Valco Cincinnati, Inc.* v. *N & D Machining Service, Inc.* (Dec. 31, 1985), Hamilton App. No. C-840835, unreported. Cf. *Valco Cincinnati, Inc.* v. *N & D Machining Service, Inc.* (1986), 24 Ohio St. 3d 41, 24 OBR 83, 492 N.E. 2d 814.

finement. *Latrobe Steel Co., supra,* at 1343.

The purpose of sanctions imposed for civil contempt is to coerce compliance with the underlying order or to compensate the complainant for loss sustained by the contemnor's disobedience. Punishment for civil contempt may, therefore, be either: (1) remedial or compensatory in the form of a fine to compensate the complainant for the contemnor's past disobedience; or (2) coercive and prospective, *i.e.,* designed to aid the complainant by bringing the defendant into compliance with the order, and conditional, wherein confinement may be terminated by the contemnor's adherence to the court's order. *Brown, supra.*

The court below, in imposing sanctions on the instant contemnors, did not expressly characterize the contempt adjudications as civil or criminal. However, execution of the fines and sentences of confinement imposed on the contemnors was contingent upon future compliance with the injunction. Those sanctions may, therefore, be characterized as coercive, prospective and conditional in nature. The court awarded attorney fees to ConTex in an amount sufficient to cover the costs incurred in enforcing the injunction. Thus, although the award of attorney fees was unconditional, it may fairly be characterized as remedial and compensatory in nature. We find the coercive, prospective and conditional nature of the fines and sentences of confinement imposed and the compensatory and remedial nature of the award of attorney fees to bespeak a purpose on the part of the trial court, in imposing sanctions, to coerce compliance with the injunction and to compensate ConTex for the costs of enforcement. Resultantly, we conclude that the sanctions imposed on the instant contemnors were civil in nature.

As we noted *supra,* a finding of civil contempt may be made upon clear and convincing evidence. Therefore, our conclusion that the sanctions imposed on the instant contemnors were civil in nature obviates the need to address the appellants' underlying challenge to the weight of the evidence adduced below to sustain the findings of contempt beyond a reasonable doubt. Accordingly, we overrule the appellants' first assignment of error.

The appellants, in their second assignment of error, challenge the weight of the evidence adduced at the hearing on the motion for contempt to sustain the findings of contempt by clear and convincing evidence. This contention is untenable.

R.C. 2727.03 authorizes a court to grant an injunction, and R.C. 2727.11 empowers the court to enforce its injunction and to punish disobedience of a court order as for contempt. R.C. Chapter 2705 governs contempt generally. R.C. 2705.02 proscribes "indirect" contempt, *i.e.,* a contemptuous act outside the presence of the court, and empowers a court to punish as for contempt "* * * [d]isobedience of * * * a lawful * * * order * * * of a court * * *."

The parties' agreed entry for a preliminary and permanent injunction, effective as of November 7, 1985, prohibited the defendants from soliciting or contacting persons or entities listed on a roster of clients submitted by ConTex. It further required the defendants to terminate dealings with ConTex's listed clients and to discontinue use of the name "Consolidated Technologies, Inc.," in contacting clients not included in a list of present clients to be submitted by the defendants. At the hearing on the motion for contempt, ConTex's sole witness, George Thompson, testified that he was employed by Merton in August 1985 to contact busi-

nesses on behalf of Consolidated Technologies and to set up appointments for Kuller. Thompson stated that, from August 1985 until January 20, 1986, he made approximately five hundred ninety telephone contacts in the name of "Consolidated Technologies, Inc.," and that approximately sixty-five percent of those contacts constituted solicitations of new business. Thompson further averred that, although he conversed with Kuller daily and with Merton approximately every ten days, he was never informed that he was not to use the name "Consolidated Technologies, Inc.," in his solicitations. Kuller and Merton testified to the contrary, that, on November 6, 1985, they instructed Thompson by telephone to compile a list of clients contacted to date and to discontinue use of the name "Consolidated Technologies, Inc.," in his future solicitations and that, on November 7, they met with Thompson in person and reiterated their instructions.

In light of the conflicting testimony presented below, we are guided by the well-established principle that the weight to be given the evidence and the credibility of witnesses are primarily for the trier of facts. The Supreme Court of Ohio in *C.E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578, held that "[j]udgments supported by some competent, credible evidence going to all of the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Id.* at syllabus. Our review of the record of the proceedings below discloses that the trial court had before it competent and credible evidence to support its findings of contempt by clear and convincing evidence. We, therefore, overrule the appellants' second assignment of error and affirm the judgment of the court below. Further, the motion of ConTex for an additional award of attorney fees is hereby overruled.

*Judgment affirmed.*

KLUSMEIER, P.J., and HILDE-BRANDT, J., concur.