This is an appeal from a judgment of the Ross County Court of Common Pleas which found appellant Rhonda L. Lewis (Appellant) in contempt of court for failure to comply with a post dissolution "telephonic visitation order."
Appellant sets forth one assignment of error on appeal.
 "THE TRIAL COURT'S ADOPTION OF THE MAGISTRATE'S DECISION FINDING RHONDA LEWIS IN CONTEMPT FOR FAILING TO PROVIDE TELEPHONIC VISITATION TO RONALD LEWIS WAS AN ABUSE OF DISCRETION, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND AMOUNTED TO PREJUDICIAL ERROR."
The facts that are relevant to the issues raised on appeal are as follows. Appellant and appellee Ronald E. Lewis (Appellee) were married on October 25, 1985, and three children were born issue of the marriage; Jessica L. Lewis born September 25, 1986, Stephen R. Lewis born March 13, 1988 and Kevin R. Lewis born October 16, 1990. On November 24, 1993 the parties were granted a dissolution of the marriage in Okaloosa County, Florida. Under the agreement of the parties that was incorporated into the dissolution order, appellant was to be the residential parent of Jessica and Kevin, and appellee was to be the residential parent of Stephen. The visitation provisions of the original order were modified in 1994. It appears that at some point thereafter, appellant moved from Florida to Frankfort, Ohio, where she currently lives with her mother and father.
The parental rights and responsibilities of the parties were again modified by the Circuit Court of Okaloosa County, Florida, in December of 1996 by the adoption of the parties' "Joint Stipulation for Modification." Under that order, appellant is now the residential parent of all three children. The previous visitation provisions were continued with certain exceptions including, as relevant to the issues raised in this appeal, that
 (d) In an effort to assure open and frequent telephone communication between Former Husband and the minor children, the parties shall alternate in initiating telephone calls to each other's residence each Saturday at 3:00 p.m./Central Standard Time for the purpose of allowing Former Husband to speak with the minor children, said telephone calls to be not more than 15 minutes duration. The first such telephone call shall be initiated by Former Husband on Saturday, November 23, 1996, with the initiation of said telephone calls to be alternated each Saturday thereafter."
Appellee's "Motion for Contempt" for appellant's alleged failure to comply with the 1996 visitation order was filed in the Court of Common Pleas of Ross County, Ohio, on January 2, 1997. The case proceeded to hearing on appellee's motion on February 24 and April 7, 1997. On April 22, 1997, the "Magistrate's Decision" was filed which found, as applicable to the issues raised herein, that:
 "9. Mother has denied father telephone contact as mandated by the joint modification. Mother has not initiated alternate week telephone contact as contemplated by the modification. Moreover, the children were forced to call father collect when wanting to speak with him. Mother declined to assume any costs of the telephone communication."
In accordance therewith, the magistrate recommended that "Mother be held in contempt for denying father telephone communication with the children as provided for in the joint modification."
Objections to the magistrate's decision were filed and on July 17, 1997, the court filed its Judgment Entry in which it found that certain telephone records had been improperly admitted as exhibits and ordered the case remanded "to the Magistrate pursuant to Civ.R. 53(D)(4)(b) to consider the matter, but without the aforementioned Plaintiff's exhibits. The magistrate is then directed to prepare a report reflecting his decision."
On July 21, 1997, the magistrate filed his decision on remand in which he incorporated his prior findings and added that;
 "The magistrate further finds that per his testimony, which the magistrate determines to be credible, father was refused telephone contact with the children from April of 1996 to September of 1996. The Magistrate further finds that father gave credible testimony that he was denied telephone contact with the children on December 28, 1996."
Objections were filed by appellant and on December 29, 1997, the court filed its Judgment Entry in which it found that the objections were not well taken, adopted the decision of the magistrate and found that appellant is in contempt for denying appellee telephone communication with the children as provided for in the "Joint Modification." In accordance with the magistrate's recommendation, the court sentenced appellant to three days in the Ross County Jail but suspended the days on the condition that appellee "initiate the telephone communication on alternate weekends as per the joint modification" and that "Mother further bear the costs of the weekend telephone communication for the next 90 days." On January 27, 1998, appellant filed a timely notice of appeal.
In support of her sole assignment of error, appellant claims that there was not sufficient evidence before the trial court to support a finding by clear and convincing evidence that appellant was in contempt of the court's "telephonic visitation" order as agreed to by the parties.
Contempt may be either civil or criminal in nature, with the distinction turning on the "character and purpose of the punishment." Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250,253. In civil contempt cases such as this one, the punishment is "remedial or coercive." Id. A finding of civil contempt may be made upon clear and convincing evidence.ConTex, Inc. v. Consolidated Technologies, Inc. (1988), 40 Ohio App.3d 94. An appellate court will not reverse a trial court's finding of contempt absent a showing of an abuse of discretion.State ex rel. Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69, 75. An abuse of discretion is more than an error of law or judgment; it "implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
Upon review of the record of proceedings at the hearing on appellee's "Motion for Contempt," there was clearly evidence presented as to instances during the time frames cited by the court when appellee called at 3:00 P.M. on his Saturday and was not able to get through because the line was busy and was thereafter denied an opportunity to talk with the children because his time to call was 3:00 P.M. and that time had passed. There was also evidence before the court that the children were not allowed to talk to appellee unless he called them or they called him collect. Appellant admitted further that she had not initiated calls every other weekend as provided in the order "since all this mess has been going on." While there was also testimony from appellant and the parties' daughter that appellant had never refused to allow the children to talk to appellee, it is for the trial court, not this court, to weigh and determine the credibility of the witnesses.
Upon review of the visitation order in question, and the evidence that was before the court making that order as to the financial resources available to each party, it is clear that the only reasonable interpretation thereof is that it was the intention of the court that the party initiating the call provided for in the "telephonic visitation" provision, pay for that call.
Upon consideration of all of the evidence that was before the trial court and the law, this court finds that, even without considering the documentary evidence that was excluded by the court, there was clear and convincing evidence presented that appellant failed to comply with the court's "telephonic visitation" order, and therefore the trial court did not abuse its discretion by finding appellant in contempt of court for her noncompliance.
Accordingly, appellant's sole assignment of error is not well taken.
JUDGMENT AFFIRMED
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J. Concur in Judgment and Opinion
For the Court
 By: _______________________ Charles D. Abood, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
Charles D. Abood, retired of the Sixth District Court of Appeals, sitting by assignment of the Ohio Supreme Court in the Fourth District.