DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Huron County Court of Common Pleas, Domestic Relations Division, which found, among other things, that appellant, Donna S. Gross, was in contempt of court.
This case has a long and litigious history beginning in 1994, the year that appellant and appellee, Stephen L. Gross, were divorced. Pursuant to the divorce decree, appellant was named residential parent and legal custodian of the parties' three minor children[1], Eric, Christina and Kyle. Appellee was awarded visitation and companionship rights with his children pursuant to the court's standard visitation schedule.
Over the next two years the parties filed several motions related to arrearages in child support and spousal support and appellant's failure to comply with court-ordered visitation. In June 1996, appellant contacted the Huron County Department of Human Services and alleged that appellee sexually abused Kyle, then four years old, during visitation. In August 1996, the children services agency commenced an action in the Huron County Court of Common Pleas, Juvenile Division, seeking an adjudication of abuse and temporary custody of or protective supervision over Kyle. One day after filing the abuse complaint, the children services agency filed a complaint alleging that appellee physically abused Christina, then eleven years old. This latter complaint resulted in a finding that Christina was a neglected child. In November 1996, appellant also alleged that appellee sexually abused Christina on one occasion, presumably in 1995. No action, either by law enforcement or the children services agency, was taken as the result of this allegation. In fact, it was determined that appellant "was again using her child for her benefit."
An adjudicatory hearing was held on the complaint filed as the result of appellee's alleged sexual abuse of Kyle. Conflicting evidence was offered both as to the existence of any sexual abuse and the identity of the alleged abuser. However, based on this evidence, the juvenile court found Kyle to be an abused child. As part of its disposition, the court ordered appellee to initiate sex offender therapy; nonetheless, the court did not designate appellee the sexual abuser of Kyle. Because he has consistently denied any sexual abuse of Kyle, appellee was not allowed to engage in sex offender therapy. In addition to ordering therapy, the juvenile court allowed appellee supervised visitation with his children, who remained in the custody of their mother under the protective supervision of the Huron County Department of Human Services. The juvenile court's judgment (as to Kyle) was affirmed by a majority of this court in In the Matter of: KyleG. (Aug. 1, 1997), Huron App. No. H-96-069, unreported (Sherck, J. dissenting).
On July 2, 1997, the juvenile court dismissed both cases, also finding appellant in contempt of court for the failure to allow court-ordered supervised visitation between appellee and his children. Appellant then filed a motion in the domestic relations court for modification of visitation asserting that Kyle was adjudicated an abused child and that the evidence indicated that appellee "was the likely offender." In return, appellee filed a motion for contempt contending that appellant failed to comply with the court's visitation order and a motion for change of custody. The court appointed a guardian ad litem for the children and ordered the parties and the minor children to submit to psychiatric and psychological evaluations.
Prior to the hearings on these motions, the parties filed several stipulations. These included stipulating numerous records into evidence. One of the records, denominated "Exhibit C," was a report prepared by David D. Zachau, a Licensed Professional Clinical Counselor, and approved by his supervisor, Diana Santantonio, a psychologist. In the fifty-two page report, Zachau chronicled the entire history of this family, set forth the results of interviews and psychological evaluations and provided his opinion and recommendations. In making his report, Zachau noted that appellee passed two polygraph examinations regarding the allegations of the sexual abuse of his children and that law enforcement officials found no basis to file criminal charges. However, Zachau made no determination as to whether appellee was the likely abuser. Rather, his report focused on the best interest of the Gross children and the effects of their parents' continuous legal battles on the children's psychological well being. In his opinion and recommendation, Zachau stated:
 "The window of opportunity for sex abuse evaluation in this case has been long closed. * * * In the wake of this unanswered question, the various professionals charged with the responsibility to treat or supervise the children over the past two years have naturally tended to answer the question themselves, from their own limited perspective. Biases have developed and `battle lines have been drawn as the ultimate question is `answered' by therapists, child advocates, parents, and children service workers. * * * Because neither parent has backed down, or quit the fight, professionals aligned with either camp quickly found themselves in a dead-lock situation, with misery brought onto the children by this situation having no end in sight.
 "It is now time to accept that the answer to the ultimate question in this case has been irretrievably lost. The Court must now decide if it is best for the Gross children to visit with their father again without knowing, or continuing to consider, if he sexually abused them."
Setting forth several examples gleaned from the reports of the persons involved in this case, including the children's guardianad litem, Zachau reached the following opinion:
 "One event that has taken place in this case, and is clear throughout the record, having been personally observed by several professionals, is that Ms. Gross has directly and inappropriately informed her children about matters of the legal case and details of sexual offending. She has also fed her children negative information about Mr. Gross."
Although the trial court's judgment indicates that a two day hearing was held on the parties' motions, no transcripts of these hearing were filed in this case. In her forty-one page opinion, the trial judge relied on the exhibits stipulated into evidence and the testimony and exhibits offered into evidence at the hearing. The court specifically found that appellant's claim that she denied appellee's court-ordered visitation "solely because she believed the `experts,' the findings by the Juvenile Court judge, [and] affirmation of the decision by the Court of Appeals" was not credible because appellant admitted that she was afraid that she lacked credibility due to her resentment of her ex-husband and admitted that she lied to her social worker. The court further determined appellant lacked credibility due to (1) appellant's demeanor at trial; (2) her continued feelings of ill-will toward appellee; and (3) appellant's determination that she is the only person competent to determine what her children should be told and informing them of their father's actions and/or statements. The court held that the evidence demonstrated that appellant is "poisoning" the children's minds against their father. The trial judge therefore found that appellant wilfully violated the domestic relations court's order of visitation and found her in contempt. In a nunc pro tunc judgment entry, the court sentenced appellant to ten days in jail, which can be purged by cooperating with the guardian ad litem and all therapists; ceasing to communicate, directly or indirectly, negative beliefs, e.g., stating that he is guilty of sexual or physical abuse, about appellee to the children; and cooperating with all orders issued that require action by appellant or the children.
Appellant appeals the judgment of contempt and sets forth the following assignments of error:
 "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN CONSIDERING AND RELYING UPON AND UNSOUELED {sic] EXAMINATION."
 "II. THE EVIDENCE IS NOT LEGALLY SUFFICIENT TO SUSTAIN THE TRIAL COURT'S JUDGMENT OF CONTEMPT."
In her first assignment of error, appellant claims that, in rendering her decision, the trial judge determined that none of the children were sexually abused by appellee and that, in doing so, the judge relied on inadmissible polygraph results, as mentioned in Zachau's report. Initially, we note that the court does not re-litigate the issue of sexual abuse. Those pages of the court's judgment cited as supporting this claim simply reiterate the views of the case investigator, the children's guardian ad litem, counselors, therapists and the juvenile court on the issues of sexual abuse and visitation. They are part of the factual history of this case and are not conclusions of law made by the domestic relations court.
With regard to the mention of the polygraph results, appellant stipulated Zachau's report into evidence. Under the invited error doctrine, a party is not permitted to take advantage of an alleged error which that party induced or invited the trial court to make. State ex re. Fowler v. Smith (1994), 68 Ohio St.3d 357,359; Rhodes v. Rhodes Industries, Inc. (1991), 71 Ohio App.3d 797,806. "* * * [A] litigant cannot be permitted, either intentionally or unintententionally to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for which he is actively responsible." Lester v.Leuck (1943), 142 Ohio St. 91, 93. Thus, appellant cannot now argue that the court erred in admitting the polygraph results into evidence because the strictures of State v. Souel (1978),53 Ohio St.2d 123, were not followed. Moreover, the thrust of the trial court's ruling on the contempt motion was appellant's lack of credibility, that is, the trial judge did not rely on the polygraph results to reach her decision on this issue. Therefore, error, if any, in admitting those results as presented in Zachau's report, was harmless error. See Civ.R. 61. For these reasons, appellant's first assignment of error is found not well-taken.
In her second assignment of error, appellant again asserts that the trial court re-litigated the issues of the sexual abuse of Kyle and the identification of appellee as his abuser. She contends the court was barred from reaching these issues by the doctrine of collateral estoppel. To repeat, the court did not redetermine the issue of sexual abuse. Furthermore, and contrary to appellant's assertion, the juvenile court never specifically determined that appellee perpetrated the sexual abuse of Kyle. In addition, appellant apparently maintains that the court erred in finding that appellant was not entitled to rely on the finding of sexual abuse by "licensed professionals" at Akron Children's Hospital.
R.C. 2705.031(B)(2) and 2705.02(A) permit a trial court to punish a residential parent for any act which interferes with the court's visitation order. In the present case, the court imposed a jail sentence; however, the court also provided appellant with an opportunity to purge herself of the contempt. Therefore, the court found appellant in civil contempt of its visitation order.In re Purola (1991), 73 Ohio App.3d 306, 312. A finding of civil contempt must be supported by clear and convincing evidence. Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250,253; ConTex, Inc. v. Consolidated Technologies, Inc.
(1988), 40 Ohio App.3d 94, 95. Whether or not to hold a person in contempt is within the sound discretion of the trial court.State ex rel. Ventrone v. Birkel (1981) 65 Ohio St.2d 10, 11. In order to find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary, and unconscionable. Blakemore v Blakemore (1983), 5 Ohio St.3d 217,219.
A reading of the court's entire decision reveals that the central question in this case was the validity of appellant's defense to the contempt motion. Appellant insisted that she violated the court's visitation order because she believed that appellee sexually abused two of their children. The judge found that appellant's claim was not credible and enumerated numerous instances that led to this determination. For whatever reason, no transcript of the hearing held in this case is in the record on appeal. Even if that transcript was before us, it is not within this court's province to determine the credibility of a particular witness; we cannot substitute our judgment on this issue for that of the trial court. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. See, also, State v.Awan (1986), 22 Ohio St.3d 120, 123.
As to the "second opinion" obtained at the Akron Children's Hospital long after the alleged instances of sexual abuse, the trial court merely determined that the opinions formulated by those professionals were based solely on information provided by appellant, the children (who at this point were convinced that their father sexually abused them) and the opinion of a counselor who agreed completely with appellant's view of the situation. Essentially, the court held that the Akron Children's Hospital personnel was presented with only appellant's view of the entire situation and appellant could not, therefore, claim that her beliefs concerning the sexual abuse arose from their findings. Again, rather than any finding of failure in the protocol used by the hospital, the court's determination reflects its lack of belief in appellant's credibility and the resulting lesser weight to be accorded the opinions of hospital personnel.
We therefore conclude that, based on the record, that is, the exhibits, before this court, clear and convincing evidence was offered to demonstrate that appellant wilfully violated the court's visitation order. Accordingly, we find the trial court did not abuse its discretion in finding appellant in civil contempt of court. Appellant's second assignment of error is found not well-taken.
The judgment of the Huron County Court of Common Pleas is affirmed; appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ MELVIN L. RESNICK, J.
 PETER M. HANDWORK, J. JUDGE, JAMES R. SHERCK, J. JUDGE, CONCUR.
[1] Appellant also has a daughter from a previous marriage. Even though appellee adopted this child, there is no controversy in this action as to appellant failing to allow appellee to visit her.