This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Lynn Rose Duffield ("Lynn") appeals the decision of the Wayne County Court of Common Pleas finding her in contempt of court for failure to pay child support payments and imposing a previously suspended ten-day jail sentence. We reverse.
 I.
At the outset, we note that the appellee has failed to file a brief in this matter. Therefore, we may accept Lynn's statement of the facts and issues as correct and reverse the judgment if her brief reasonably sustains such action. App.R. 18(C).
On December 17, 1997, the trial court granted Lynn a dissolution of her marriage with Norman Duffield ("Norman"). The trial court ordered Lynn to pay child support for the couple's one child. The trial court also ordered Lynn to provide medical insurance coverage and to pay half of all uninsured medical expenses. On January 20, 2000, the trial court found Lynn in contempt of court and sentenced her to a ten-day jail sentence. Lynn's ten-day jail sentence was suspended on the condition that she make weekly payment in the amount of $50 until the medical expenses were paid in full.
On September 28, 2000, the Wayne County Child Support Enforcement Agency ("WCCS") moved the trial court to find Lynn in contempt for failure to pay her child support. On October 4, 2000, Norman moved the court to find Lynn in contempt and to impose the previously suspended jail sentence from the January 20, 2000 finding of contempt. The magistrate conducted a hearing on these two motions. At the hearing, Lynn was not represented by counsel. She did not waive her right to representation by counsel.
Lynn was the only witness testifying at this hearing. The trial court granted WCCS's motion, found Lynn in contempt for failing to pay her child support and sentenced her to a ten-day jail sentence. This ten-day jail sentence was suspended on the condition that Lynn maintains employment and keeps WCCS informed of her employment. The trial court found Lynn was not in contempt for failing to pay medical bills but ordered Lynn to pay half of the existing medical expenses. Finally, the trial court granted Norman's motion and imposed the previously suspended ten-day jail sentence from the January 20, 2000 finding of contempt.
This appeal followed.
 II.
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT REQUIRED THE APPELLANT TO PROCEED WITH A CRIMINAL CONTEMPT HEARING AND MOTION TO IMPOSE JAIL SENTENCE WITHOUT COUNSEL AND WITHOUT OBTAINING A VALID WAIVER OF COUNSEL IN VIOLATION OF THE APPELLANT'S RIGHT TO COUNSEL AND RIGHT TO DUE PROCESS AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.
In her first assignment of error, Lynn argues that it was error to conduct her criminal contempt hearing without her attorney present and in the absence of a waiver.
We begin our analysis with a review of the difference between civil and criminal contempt. Civil contempt utilizes a sanction imposed to coerce the contemnor to comply with the court's order. Contex Inc. v.Consolidated Technologies, Inc. (1988), 40 Ohio App.3d 94, 96. Criminal contempt permits a court to impose a sanction as punishment for a past failure, and thus, the contemnor is entitled to all rights afforded a criminal defendant. Morford v. Morford (1993), 85 Ohio App.3d 50, 54. Contempt is classified as either civil or criminal depending on the character and purpose of the contempt sanction. Brown v. Executive 200,Inc. (1980), 64 Ohio St.2d 250, 253.
Under civil contempt, prison sentences are conditional. Id. A contempt proceeding is civil if the sanction is "primarily designed to benefit the complainant through remedial or coercive means[.]" Denovchek v. Bd. ofTrumbull Cty. Commrs. (1988), 36 Ohio St.3d 14, 16. Punishment imposed upon an adjudication of civil contempt must afford the contemnor an opportunity to purge himself of contempt. Criminal contempt is usually characterized by an unconditional prison sentence. Brown,64 Ohio St.2d at 254. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience.
The contempt charge at issue arose from the WCCS's complaint for contempt alleging that Lynn had failed to pay her monthly child support payments. To determine if the sanction in this case was criminal or civil in nature, it is necessary to determine the purpose behind the sanction. On November 15, 2000, the trial court suspended Lynn's ten-day jail sentence on the condition that she comply with the support orders of the trial court which included maintaining employment and notifying WCCS of her employment status and payment of support. Based on the conditional nature of Lynn's sentence, we find that the purpose behind the suspended ten day-jail sentence was to coerce Lynn to obey the order of the court to pay her child support. Therefore, the contempt was civil.
Due process must be observed in civil contempt proceedings. Courtneyv. Courtney (1984), 16 Ohio App.3d 329, 332, quoting, In re Oliver
(1948), 333 U.S. 257, 274-275, 92 L.Ed 682, 695, 68 S.Ct. 499, 508-509. Due process requires that the alleged contemnor has the right to notice of the charges against him or her, a reasonable opportunity to defend against or explain such charges, representation by counsel, and the opportunity to testify and to call other witnesses, either by way of defense or explanation. Id.
In the present case, Lynn's attorney was not present at the November 15, 2000 contempt hearing. Furthermore, Lynn did not waive her right to representation by counsel. We find that proceeding with the contempt hearing without Lynn's attorney or a waiver of the right to counsel was a violation of Lynn's due process rights. Accordingly, Lynn's first assignment of error is sustained.
 III.
Assignment of Error No. 2:
 THE TRIAL COURT'S JUDGMENT REIMPOSING THE PREVIOUSLY SUSPENDED JAIL SENTENCE AND FINDING THE APPELLANT IN CONTEMPT OF COURT FOR FAILURE TO PAY CHILD SUPPORT MUST BE REVERSED AS THE ONLY EVIDENCE ADMITTED AT THE HEARING WAS OBTAINED IN VIOLATION OF THE DEFENDANT'S RIGHT TO COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN AND SIXTEEN OF THE OHIO CONSTITUTION AND DEFENDANT/APPELLANT'S RIGHT AGAINST SELF INCRIMINATION AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE [,] SECTION TEN OF THE OHIO CONSTITUTION.
In her second assignment of error, Lynn argues that the trial court violated her right to counsel and her right against self-incrimination regarding the imposition of her previously suspended sentence. At the November 15, 2000 hearing, Lynn's attorney was not present and the trial court did not obtain a waiver of her right to representation by counsel. We sustained Lynn's first assignment of error finding that the November 15, 2000 hearing violated Lynn's due process rights. Our disposition of Lynn's first assignment of error renders her second assignment of error moot.
 IV.
Accepting Lynn's statement of the facts and issues as correct, we find that Lynn's brief reasonably appears to sustain a reversal. App.R. 18(C). Lynn's first assignment is sustained. The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ________________________________ WILLIAM R. BAIRD
SLABY, J., WHITMORE, J. CONCUR.