OPINION
{¶ 1} Defendant-Appellant, Christopher Lenigar, appeals from a judgment of the Franklin County Court of Common Pleas that sentenced him to 15 years in prison.
 {¶ 2} On June 5, 2002, 11-year-old Jordan Rutan reported to police that defendant had sexually touched her at least ten times. Shortly thereafter, the parents of nine-year-old Brandy Dennis reported to the police that defendant had sexually molested their daughter when she was five years old and that the abuse subsequently continued.
 {¶ 3} On June 17, 2002, defendant met with Columbus Police Detective David Hammerberg. According to the Presentence Investigation Report ("PSI"), "[d]uring the interview, the defendant admitted to having sexual intercourse with his daughter, Kimberly Lenigar, when she was a child. When asked if he had touched the vaginas of some of the girls his wife babysat, he admitted he had bounced them on his knee, wrestled and tickled them, and, '. . . a couple of times that uh that I was swinging a couple and uh I put my hands between their legs and I, I believe I touched their vagina.' " Defendant also admitted touching three of the girls for whom his wife babysat, Courtney Allen, Madison McDonnell, Jordan Rutan, as well as his niece, Brandy Dennis. (State's Exhibit 1, at 3-4.)
 {¶ 4} Defendant was indicted on 12 counts of gross sexual imposition, violations of R.C. 2907.05. Defendant pled guilty to all counts contained in the indictment. Because the victims were under the age of 13, these violations were all felonies of the third degree.
 {¶ 5} On December 12, 2002, pursuant to R.C. 2950.09, the Franklin County Court of Common Pleas held a hearing to determine whether defendant should be classified as a "sexual predator." At this hearing, the state introduced into evidence the PSI, which includes the Franklin County Adult Probation Department Sex Offender Assessment Sheet ("Sex Offender Assessment").
 {¶ 6} Subsequent to the sexual offender classification hearing, the court held a sentencing hearing pursuant to R.C. 2929.19. In its judgment entry, the court found that the state proved by clear and convincing evidence that defendant is a "sexual predator." The court sentenced defendant to a total of 15 years of incarceration as follows: as to counts one, two, three, and four, the court imposed five years for each count, to be served concurrently; as to counts five, six, seven, and eight, the court imposed five years for each count, to be served concurrently; and as to counts nine, ten, eleven, and twelve, the court imposed five years for each count, to be served concurrently. Counts one, two, three, and four are to be served consecutive to five, six, seven, and eight, and counts one through eight are to be served consecutive to counts nine, ten, eleven, and twelve.
 {¶ 7} After this court granted defendant permission to file a delayed appeal, defendant appealed and assigns the following errors:
 FIRST ASSIGNMENT OF ERROR THE LOWER COURT ERRED IN IMPOSING THE MAXIMUM PERIOD OF INCARCERATION WITHOUT MAKING A FINDING AND GIVING THE REASONS WHY A MAXIMUM SENTENCE SHOULD BE IMPOSED IN VIOLATION OF R.C. 2929.14(C).
 SECOND ASSIGNMENT OF ERROR THE LOWER COURT ERRED IN IMPOSING CONSECUTIVE TERMS OF IMPRISONMENT, WITHOUT MAKING FINDINGS PURSUANT TO R.C. 2929.14(E)(4) AND NOT STATING ITS FINDING PURSUANT TO R.C. 2929.19(B)(2)(c).
 THIRD ASSIGNMENT OF ERROR APPELLANT WAS DENIED DUE PROCESS DURING SENTENCING WHEN THE LOWER COURT RELIED ON INACCURATE INFORMATION IN THE PRESENTENCE INVESTIGATION REPORT AND THE FRANKLIN COUNTY ADULT PROBATION DEPARTMENT SEX OFFENDER ASSESSMENT GUIDELINE AND FAILED TO ADEQUATELY CONSIDER APPELLANT'S GENUINE REMORSE AND ACCEPTANCE OF RESPONSIBILITY.
 FOURTH ASSIGNMENT OF ERROR APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN COUNSEL: (1) FAILED TO ATTEND THE INTERVIEW OF THE APPELLANT BY THE PROBATION OFFICER WHOM CONDUCTED THE PRESENTENCE INVESTIGATION; (2) FAILED TO CORRECT THE FRANKLIN COUNTY PROBATION DEPARTMENT SEX OFFENDER ASSESSMENT GUIDELINE CALCULATION WHICH THE LOWER COURT RELIED UPON WHEN SENTENCING APPELLANT; AND (3) STIPULATED TO THE PRESENTENCE INVESTIGATION REPORT WITHOUT CORRECTING IT'S [sic] NUMEROUS INACCURACIES.
 {¶ 8} After defendant's motion for leave to file an additional assignment of error was granted, defendant submitted a "Reply Assignment of Error," which we will consider to be his fifth assignment of error:
 REPLY ASSIGNMENT OF ERROR THE LOWER COURT ERRED BY FAILING TO CONSIDER REHABILITATING APPELLANT CHRISTOPHER LENIGAR WHEN SENTENCING HIM, AS REQUIRED BY R.C. 2929.11(A).
 {¶ 9} We will address defendant's first two assignments of error together. Defendant's first assignment of error asserts that the trial court's imposition of maximum sentences for each count failed to comply with R.C. 2929.14(C). Defendant's second assignment of error asserts that the trial court improperly imposed consecutive sentences in violation of R.C. 2929.14(E)(4) and 2929.19(B)(2)(c). An assessment of these assignments of error requires an analysis of the statutory burden placed upon a trial court when it imposes a maximum or consecutive sentence. See State v. Clark, Franklin App. No. 02AP-1312, 2003-Ohio-4136. In this case, we must determine whether the trial court has complied with R.C.2929.14(B), (C), and (E), and 2929.19(B), when it imposed maximum and consecutive sentences.
 {¶ 10} With respect to maximum sentences, R.C. 2929.14(C) provides as follows:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
 {¶ 11} This statute requires the trial court to make at least one of the findings under R.C. 2929.14(C) if it imposes a maximum sentence for an offense. Clark, supra, at ¶ 14, citing State v. Wolford, Franklin App. No. 02AP-552, 2002-Ohio-6964. "While the trial court is not required `to utter any magic or talismanic words * * * it must be clear from the record that the court made the required findings.' " Clark, at ¶ 15, quoting State v. White (1999), 135 Ohio App.3d 481, 486. As the Ohio Supreme Court has stated, "In order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." State v. Edmonson (1999),86 Ohio St.3d 324, 329.
 {¶ 12} If a trial court imposes consecutive sentences, it must comply with the requirements of R.C. 2929.14(E)(4), which states as follows:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
(Emphasis added.)
 {¶ 13} A trial court that imposes a maximum or consecutive sentence must also comply with R.C. 2929.19(B)(2), which states, in pertinent part, as follows:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences;
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term;
* * *
R.C. 2929.19(B)(2) requires the trial court to "make a finding that gives its reasons" when it imposes consecutive or maximum sentences. Furthermore, as to consecutive sentences, the Ohio Supreme Court has stated:
 While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision.
_________State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶21, citing Griffin Katz, Ohio Felony Sentencing Law (2002) 458-59, Section 1.21. By implication, "mak[ing] a finding that gives its reasons" requires the court to make the preliminary findings required in R.C.2929.14(E)(4) or the finding required in R.C. 2929.14(C). See Edmonson, at 329. "Without the finding itself, the court also fails to provide the necessary `finding that gives its reasons.' " Id.
 {¶ 14} At the sentencing hearing, the trial court thoroughly discussed why the shortest prison term was not appropriate in this case. The court reasoned as follows:
 And I do find — and then I consider, and I am telling you, I am weighing the — whether there was penetration, whether there was a touching, whether the effects on the victim's — that's very important, the effects on the children, what their lives are going to be like, whether it's a touching, a rape, and on the basis of that, I do find that — that the least form, the least sentence with respect to each count would be — would demean the seriousness of what happens here.
* * *
 * * * He chose to, I guess, go to church, pray about it, do other things, then the urges came, and he still didn't seek the psychiatric or psychological help that he needed and, of course, we have three or four victims that incurred multiple touchings of a sexual nature that were devastating to these young children.
 On that basis, I do feel that the shortest prison term — it would demean the seriousness of the offense, would not adequately protect the public from future crime simply because I don't see any evidence where the defendant has addressed this issue, this desire that he has had for more than 20 years, other than he has been charged with an offense and he went to a psychiatrist, and it was referred to by his pastor.
 So with that kind of background, I do find that the appropriate sentence for each Count One through Twelve would be the maximum sentence on each count, that is, five years.
(Tr. 81-85.) This discussion reflects the trial court's finding that the shortest prison term would demean the seriousness of the offender's conduct and that it would not adequately protect the public from future crime. The record of the sentencing hearing indicates that the trial court found at least one of the statutorily sanctioned reasons for imposing a non-minimum sentence. See R.C. 2929.14(B). Thus, the trial court had the authority to impose a sentence that exceeded the minimum. In this case, because the trial court imposed the maximum sentence, we must assess the trial court's compliance with R.C. 2929.14(C).
 {¶ 15} The trial court recognized that maximum sentences in cases such as this may only be imposed upon "offenders who commit the worst forms of the offense and upon offenders who pose the greatest likelihood of committing future crimes." (Tr. 81.) During the trial court's consecutive sentence discussion, the trial court stated, "I look at the chance of recidivism, which I think is high, I have already declared him a sexual predator * * *." (Tr. 85.) This statement is the closest the trial court came to making a finding under R.C. 2929.14(C). The trial court did not use the exact language of the recidivism element of R.C.2929.14(C). While we concede that the trial court is not required to use magic words or talismanic language, we do not consider the trial court's finding that "the chance of recidivism * * * is high" to be within the realm of R.C. 2929.14(C). If a trial court does not use the exact language of R.C. 2929.14(C), it must use conceptually equivalent phraseology. A trial court's statement that "the chance of recidivism * * * is high" is not conceptually equivalent to a statement that a defendant poses "the greatest likelihood of committing future crimes." See State v. Garlinger (Jan. 31, 2002), Franklin App. No. 01AP-744 (holding that the trial court's finding that "there is a substantial likelihood of reoffending" fell short of the finding required under R.C. 2929.14[C]). (Emphasis added.)
 {¶ 16} The trial court's recognition that it had previously classified defendant as a sexual predator also fails to satisfy the recidivism component of R.C. 2929.14(C). Under the definition provided in R.C. 2950.01(E), a sexual predator is "likely to engage in the future in one or more sexually oriented offenses." (Emphasis added.) This classification, in itself, does not indicate that the person poses the "greatest likelihood" of committing future crimes. See Edmonson, at 328-329 (stating that the trial court's finding that "recidivism is likely" does not satisfy the recidivism category in R.C. 2929.14[C]). Thus, we conclude that the trial court erred when it imposed a maximum sentence on each count because the trial court did not make the preliminary finding necessary under R.C. 2929.14(C). Furthermore, without the preliminary finding under R.C. 2929.14(C), the trial court failed to provide the required "finding that gives its reasons," under R.C.2929.19(B)(2)(d). See Edmonson, at 329. Accordingly, the trial court did err when it imposed the maximum sentence for each count of gross sexual imposition.
 {¶ 17} At the sentencing hearing, the trial court discussed its imposition of consecutive sentences as follows:
 Now, having imposed a five year sentence on Counts One through Twelve, the next thing I have to consider * * * [d]o you run them consecutive or concurrent? * * * [I]f the Court finds that consecutive sentence is necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct, again, we are weighing touching — the outer touching as opposed to penetration or rape, and the danger to the — and danger to the offender as opposed to the public, and the Court also finds that the harm caused by the defendant — and there is two or three things I have to find, but the one that comes [to] my mind, that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses was committed as a part of the single course of conduct adequately reflects the seriousness of the offenders' conduct, and the other two that I have to consider, in addition, are the offender committed multiple offenses while he was awaiting trial or sentencing, that, obviously, doesn't apply, or the offender's history of criminal conduct, and consecutive sentences are necessary to protect the public from future crime by the offender that may apply. So I look at the offender's age, I look at the chance of recidivism, which I think is high, I have already declared him a sexual predator, and here is what I am doing.
(Tr. 84-85.)
 {¶ 18} A close reading of the transcript reveals that the trial court did not comply with R.C. 2929.14(E)(4) when it imposed consecutive sentences. The trial court stated, "if the court finds * * *" (emphasis added), and it proceeded to list the required findings enunciated in R.C. 2929.14(E)(4). (Tr. 84.) The trial court's discussion as to consecutive sentences reflects its awareness that it must consider the factors enunciated in R.C. 2929.14(E)(4) when determining whether to impose a consecutive sentence, but it does not reveal the trial court's findings as to the statutorily enumerated factors. See State v. Price, Franklin App. No. 02AP-1215, 2003-Ohio-4764, at ¶ 25-26. We hold that the trial court did not comply with the requirements of R.C.2929.14(E)(4) when it merely stated the rule that trial courts must follow when imposing consecutive sentences. Furthermore, because the trial court failed to make the requisite findings, it also failed to "make a finding that gives its reasons" for imposing consecutive sentences, and thereby was not in compliance with R.C. 2929.19(B)(2)(c). Consequently, because the trial court did not comply with R.C.2929.14(E)(4) and 2929.19(B)(2)(d), the trial court erred when it imposed consecutive sentences upon defendant.
 {¶ 19} For the reasons stated above, the trial court did not comply with the requirements of R.C. 2929.14(C), (E), and 2929.19(B) when it imposed maximum and consecutive sentences upon defendant. Accordingly, defendant's first and second assignments of error are sustained.
 {¶ 20} By his third assignment of error, defendant asserts that he was denied due process during sentencing. Defendant contends that the trial court improperly relied upon inaccurate information in the PSI (including the Sex Offender Assessment), and that the trial court failed to consider defendant's "genuine remorse and acceptance of responsibility." (Defendant's Corrected Brief, at 7.) At trial, defendant's counsel stipulated to the PSI. (Tr. 6-7.) However, on appeal, defendant contends that the PSI contains "many inaccuracies." Defendant argues that the PSI improperly characterizes his remorse and that the Sex Offender Assessment contains incorrect scoring. We note that defendant failed to object at trial. Absent objection, defendant must prove plain error. State v. Draper, Franklin App. No. 02AP-1371, 2003-Ohio-3751, at ¶ 11. We conclude that the trial court did not commit plain error.
 {¶ 21} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). This rule provides three limitations on a reviewing court's discretion to correct an error that was not timely objected to at trial. State v. Barnes (2002), 94 Ohio St.3d 21, 27. An error must exist which is a deviation from a legal rule. Id., citing State v. Hill (2001), 92 Ohio St.3d 191, 200. An error must be "plain," that is, the "error must be an `obvious' defect in the trial proceedings." Barnes, at 27, citing State v. Sanders (2001), 92 Ohio St.3d 245, 257. Lastly, the error "must have affected `substantial rights.' [The Ohio Supreme Court has] interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." Barnes, at 27. Furthermore, the Ohio Supreme Court has stated:
 Even if a forfeited error satisfies these three prongs, however, Crim.R. 52(B) does not demand that an appellate court correct it. Crim.R. 52(B) states only that a reviewing court "may" notice plain forfeited errors; a court is not obliged to correct them. We have acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."
Id., citing State v. Long (1978), 53 Ohio St.2d 91.
 {¶ 22} On appeal, defendant argues that the trial court erred when it relied upon the alleged inaccuracies in the PSI. Of particular concern to defendant is the characterization of his remorse contained within the PSI. The only clearly inaccurate aspect of the PSI concerns whether defendant had a history of sex offense convictions. As to this inaccuracy, the trial court took notice that defendant had no prior criminal record of sex offense convictions. This notice effectively made the PSI inaccuracy inconsequential and negated any possible prejudicial effect. (Tr. 48.) Each of the other "inaccuracies" were determinations that were necessarily contingent on personal judgment and interpretation of specific terms, such as "remorse" and "community instability." The record supports each determination, save the one clear mistake discussed above. Based on the foregoing analysis, we find no plain error, and defendant's third assignment of error is overruled.
 {¶ 23} Defendant's fourth assignment of error contends that defendant was denied effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I, of the Ohio Constitution. Specifically, defendant asserts that he received ineffective assistance of counsel because: (1) counsel failed to attend appellant's interview with the probation officer; (2) counsel failed to correct the Franklin County Probation Department Sex Offender Assessment Guideline Calculation; and (3) counsel improperly stipulated to the presentence investigation report.
 {¶ 24} For a defendant to prevail on an ineffective assistance of counsel claim, a defendant must satisfy the two-prong test established in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, which has been followed by the Ohio Supreme Court. See State v. Bradley (1989),42 Ohio St.3d 136, 142. First, defendant must demonstrate that counsel's performance was deficient. Defendant must show "that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland, at 687. A defendant claiming ineffective assistance of counsel must identify specific acts or omissions of counsel that are alleged not to be within the realm of reasonable professional judgment. Id. at 690. A strong presumption exists that counsel's conduct or omissions are within the wide range of reasonable professional assistance. Id. at 689. A court must ultimately determine whether, under the circumstances, the acts or omissions were "outside the wide range of professionally competent assistance." Id. at 690.
 {¶ 25} Second, defendant must also show that the deficient performance prejudiced the defendant. This requires the defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. More succinctly, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 {¶ 26} In this case, defendant did not receive ineffective assistance of counsel within the meaning of Strickland, as followed by Bradley. Defendant points to alleged inaccuracies in the PSI and asserts that counsel should not have stipulated to the PSI. Because defendant was not unfairly prejudiced by the contents of the PSI, counsel's actions, with respect to the PSI, did not deprive defendant of a fair trial.
 {¶ 27} Defendant also contends that, had defense counsel been present at the presentence investigation interview, the probation officer would not have "jump[ed] to her own conclusions"; repetitive questioning would not have taken place; and defendant would not have, to his detriment, stated "I just touched them in the vagina area on the outside of the clothing." (Emphasis added.) (Defendant's Corrected Brief, at 12.) Only considering the record before us, and not bald speculations, we find no indication that the presence of defense counsel at the presentence investigation interview would have led to a different result at trial.
 {¶ 28} Because defendant has failed to demonstrate prejudicial effect from the specific acts or omissions of counsel of which defendant complains, we conclude that these specific acts or omissions of defense counsel did not prevent substantial justice from being achieved in this case. Furthermore, because substantial justice has been achieved in this case, we need not determine whether counsel's performance was deficient. See Strickland, at 697. Accordingly, because defendant received effective assistance of counsel, the fourth assignment of error is overruled.
 {¶ 29} Defendant's fifth assignment of error contends that the trial court violated R.C. 2929.11(A) by "failing to consider rehabilitating appellant Christopher Lenigar." R.C. 2929.11(A) provides as follows:
 A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
R.C. 2929.11(A) requires the sentencing judge "to be guided by a desire to protect the public from future crime by the offender." State v. Butler, Franklin App. No. 02AP-369, 2002-Ohio-7196, at ¶ 19. Under R.C. 2929.11, "the need for * * * rehabilitating the offender" is one of various factors a sentencing court shall consider when sentencing an offender for a felony. R.C. 2929.12(A) provides trial courts with discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. Furthermore, contrary to R.C. 2929.14(C) and (E), compliance with R.C.2929.11 does not require a statement of findings by the trial court. Here, the trial court noted that it had "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in 2929.12." (Dec. 17, 2002 Judgment Entry, at 2.) The record supports this assertion. Thus, the trial court did not violate R.C.2929.11(A). The fifth assignment of error is overruled.
 {¶ 30} For the foregoing reasons, defendant's first and second assignments of error are sustained, and defendant's third, fourth, and fifth assignments of error are overruled. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for resentencing.
Judgment affirmed in part and reversed in part, and cause remanded for resentencing.