OPINION
{¶ 1} Second Petitioner-Appellant, Melinda A. Kaufman, n.k.a Melinda A. Miller, appeals a judgment of the Auglaize County Common Pleas Court, Domestic Relations Division, finding her in contempt of court for violating previous court orders and ordering her to pay unpaid medical and insurance expenses. On appeal, Melinda asserts that the trial court erred in finding her in contempt of court; that the trial court abused its discretion when it determined that she owed First Petitioner-Appellee, Christopher D. Kaufman, approximately thirty-three hundred dollars; that the trial court erred when it denied her motion for reconsideration and to supplement the record; and, that the trial court erred when it awarded attorney fees to Christopher for the contempt citation. Finding that the trial court properly found Melinda in contempt of court; that the trial court did not abuse its discretion in determining that Melinda owed Christopher approximately thirty-three hundred dollars; that the trial court properly denied Melinda's motion for reconsideration and to supplement the record; and, that the trial court did not err in awarding attorney fees to Christopher, we affirm the judgment of the trial court.
 {¶ 2} On October 10, 2000, Melinda was divorced from Christopher, and subsequently they entered into a Shared Parenting Plan. The Shared Parenting Plan stated in pertinent part:
 MEDICAL AND OTHER EXPENSES 8. The Husband shall maintain and keep in full force andeffect for so long as he has any obligation for the payment orprovision of support of the children, a program ofhospitalization, surgical and major medical insurance at leastequivalent to that which he presently carries. The Wife shallalso provide and maintain medical and hospitalization insurancebenefits for the children through her place of employment, unlessa situation arises where this is not possible then insurancecosts will be divided equally.[1]
 9. All unpaid medical bills not covered by insurance shall beshared equally between the parties.
 {¶ 3} On October 25, 2004, Melinda filed a motion to reallocate parental rights and responsibilities and a motion for the appointment of a guardian ad litem for the parties' minor children. In response, Christopher, through counsel, moved to modify the Shared Parenting Plan in order to be designated as the sole residential parent of their minor children and agreed that a guardian ad litem be appointed for the minor children. Additionally, Christopher filed a motion for contempt against Melinda for her failure to pay one-half of his medical insurance premiums from August 2002 through August of 2004 in the amount of seven hundred eighty dollars[2] and for her failure to pay one-half of uninsured medical expenses for their minor children in the amount of two thousand eight hundred thirty-one dollars and twenty-nine cents in violation of their Shared Parenting Plan entered on October 10, 2000.
 {¶ 4} In response to Christopher's motion for contempt, Melinda argued that the Shared Parenting Plan clearly stated that Christopher was to provide medical insurance through his place of employment and that she was not ordered to pay one-half of his medical insurance premiums. Additionally, Melinda denied that she failed to pay one-half of the uninsured medical expenses, because Christopher failed to request payment for or provide her with an accounting of such expenses. Further, Melinda alleged that she has paid over seventeen hundred dollars of medical bills for the benefit of their minor children.
 {¶ 5} On May 10, 2005, a hearing was held. During the hearing, the parties agreed to a modified Shared Parenting Plan where Melinda would become residential parent of one minor child and Christopher would become the residential parent of the other minor child. Therefore, the trial court was left only to determine whether Melinda was in contempt.
 {¶ 6} During her testimony at the hearing, Melinda admitted that her insurance coverage does not cover the minor children. Also, Melinda testified that until she received an inquiry from Christopher's attorney, she was unaware that she was required to pay one-half of Christopher's insurance premiums, because she did not have medical insurance coverage for the minor children. Additionally, Melinda testified that she has paid some medical bills and has not asked Christopher to pay for half of those bills, as required under their Shared Parenting Plan.
 {¶ 7} Melinda proffered copies of some bills, bank statements, and duplicate checks to evidence her payments of the minor children's uninsured medical bills. Also, Melinda testified that she does not receive copies of her cancelled checks, unless she pays for them.
 {¶ 8} Christopher also proffered exhibits which provided the amount Melinda owed him under their Shared Parenting Plan. Christopher's exhibits included a summary of the medical bills he paid, cancelled checks, as well as the actual bills and receipts from the medical providers.
 {¶ 9} In a judgment entry dated, May 11, 2005, the trial court found Melinda in contempt for not paying one-half of the insurance costs expended by Christopher and also for failing to pay her one-half of the uninsured medical expenses incurred by their minor children.
 {¶ 10} With respect to the medical insurance expenses, the trial court stated:
[T]he Court finds beyond a reasonable doubt that the 2ndPetitioner, Melinda Miller, is in contempt of this Court's priororder for not paying one-half of the insurance expenses incurredby the 1st Petitioner, Christopher Kaufman. * * * As to the firstbranch of the Motion, the Court does not accept the defense that[Melinda] was not in contempt because she did not remember thatthe Court order contained a provision that she is to reimburse[Christopher] for one-half of the insurance costs if she does notcarry medical insurance for the children. [Melinda] has a duty toknow and understand the orders of the Court that were previouslyentered.[3]
And as a result, the trial court ordered Melinda to pay Christopher seven hundred eighty dollars to reimburse him for the medical insurance costs that Melinda had not paid.
 {¶ 11} With respect to the uninsured medical expenses, the trial court stated, "[t]he Court * * * finds that [Melinda] is in contempt of Court for failing to pay her one-half of the uncovered medical expenses * * *." The trial court specifically found the following:
[Christopher] has provided documentation to the Court for theexpenses and payments that have been made by both of the parties* * *, it appears that [Melinda] would owe [Christopher] the sumof $2519.26. [Melinda] attempted to present a defense to thecontempt action by providing documentation to the Court, whichpurportedly shows that she has paid medical expenses for thechildren that have been un-reimbursed by [Christopher]. Herevidence does not have bills, canceled checks and statements ashave been provided by [Christopher]. The Court cannot tell from[Melinda's][4] evidence what payments have been made andwhat reimbursements have been requested. Accordingly, the Courtdoes not accept [Melinda's] defense as it has not been adequatelydemonstrated through evidence.
Accordingly, the trial court ordered Melinda to pay Christopher two thousand five hundred nineteen dollars and twenty-six cents in order to reimburse him for paid uninsured medical expenses. Further, the trial court, pursuant to a local rule, awarded Christopher reasonable attorney fees in the sum of three hundred dollars to prosecute the contempt action. Finally, Melinda was sentenced to ten days in the Auglaize County Correctional Center, but her sentence was suspended as long as she makes a monthly payment of two hundred dollars to Christopher until the above stated amounts are paid in full.
 {¶ 12} On May 27, 2005, Melinda moved for reconsideration and to supplement the record. Subsequently, Melinda's motion was denied.
 {¶ 13} It is from this judgment that Melinda has appealed presenting the following assignments of error for our review:
 Assignment of Error No. I THAT THE TRIAL COURT ERRED IN FINDING THE SECONDPETITIONER-APPELLANT, MELINDA A. MILLER, IN CONTEMPT OF COURT.
 Assignment of Error No. II THAT THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED INFINDING THAT THE SECOND PETITIONER-APPELLANT, MELINDA A. MILLER,OWED TO THE FIRST PETITIONER-APPELLEE THE SUMS OF $3,299.26 ANDGAVE GREATER WEIGHT AND CREDENCE TO APPELLEE'S EVIDENCE THANAPPELLANT'S EVIDENCE.
 Assignment of Error No. III THAT THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION INDENYING SECOND PETITIONER-APPELLANT, MELINDA A. MILLER'S MOTIONFOR RECONSIDERATION AND TO SUPPLEMENT THE RECORD.
 Assignment of Error No. IV THAT THE TRIAL COURT ERRED AND ABUSED ITS TRUST AND DISCRETIONIN AWARDING ATTORNEY FEES TO FIRST PETITIONER CHRISTOPHER KAUFMANFOR THE CONTEMPT CITATION.
 Assignment of Error No. I {¶ 14} In her first assignment of error, Melinda asserts that the trial court erred in finding her in contempt of court for failing to pay for one-half of Christopher's insurance expenses and one-half of the minor children's uninsured medical expenses. Specifically, Melinda argues that the trial court should not have found her in contempt of court unless there was a willful, deliberate, and contemptuous action resulting in a contempt citation and that there must be communication between the parties, a transfer of the medical bills for payment and/or reimbursement, and a request for the same before a contempt citation can be considered. We disagree.
 {¶ 15} Contempt of court occurs when an individual disobeys an order of the court thereby acting to bring the "administration of justice into disrespect, or * * * to embarrass, impede or obstruct [a] court in the performance of its functions." WindhamBank v. Tomaszcyzk (1971), 27 Ohio St.2d 55, para. one of the syllabus. It is well established that the element of intent or a showing of willful disobedience is not necessary for a finding of contempt in cases where it has been alleged that a court order was violated:
[P]roof of purposeful, willing or intentional violation of acourt is not a prerequisite to a finding of contempt. * * *It is irrelevant that the transgressing party does not intend toviolate the court order. If the dictates of the judicial decreeare not followed, a contempt citation will result.
 Pugh v. Pugh (1984), 15 Ohio St.3d 136, 140, citing Pedonev. Pedone (1983), 11 Ohio App.3d 164. This Court has held that an individual charged with contempt "may defend by proving it was not in his power to obey the order." Courtney v. Courtney
(1984), 16 Ohio App.3d 329, 334.
 {¶ 16} "A finding of civil contempt requires clear and convincing evidence that the alleged contemnor has failed to comply with the court's prior orders." Moraine v. Steger Motors,Inc. (1996), 111 Ohio App.3d 265, 268, citing ConTex, Inc. v.Consolidated Technologies, Inc. (1998), 40 Ohio App.3d 94. "`Clear and convincing evidence' has been defined as `that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Ohio State Bar Assn. v. Reid (1999),85 Ohio St.3d 327, 331 (citations omitted).
 {¶ 17} When reviewing a trial court's finding of contempt, appellate courts apply an abuse of discretion standard. State exrel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11; State exRel. Montgomery v. Kirby's Tire Recycling, Inc., 3rd Dist. No. 16-01-15, 2002-Ohio-4405, at ¶ 10, citing Whitman v.Whitman-Norton (Nov. 20, 2000), 3rd Dist. No. 5-2000-10, citingState ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11. An abuse of discretion implies that the trial court's attitude in reaching its decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 18} In arguing that she is not in contempt of court, Melinda asserts that she should not be in contempt of court unless she willfully, deliberately and contemptuously failed to reimburse Christopher. However, Melinda does not cite any case law which requires such a determination, and we do not find her argument persuasive. Additionally, Melinda argues that she is not in contempt of court relying on Rogers v. Rogers (Apr. 10, 2000), 12th Dist. No. 99 09 115, which states in dicta that "the duty to pay cannot be triggered without communication regarding the fact that the bills have been incurred, the amount of the bills, and the amount of the bills not covered by insurance." However, Rogers is distinguishable from the case sub judice.
 {¶ 19} In Rogers, the shared parenting plan explicitly stated, "The parties shall communicate with each other regarding the necessary medical care of the minor children; except, in the case of emergency, or it is otherwise impractical to communicate beforehand. The parties shall exchange any and all medical information, including bills, health insurance forms, medical reports and any other documentation relevant to the health care of the minor children." Id. Here, the Shared Parenting Plan does not contain similar language; therefore, we will not impute the requirement that the parties needed to communicate with each other before either party could be held in contempt of court.
 {¶ 20} Here, the Shared Parenting Plan executed by the parties clearly requires that Melinda pay one-half of Christopher's medical insurance expenses if she is unable to obtain insurance benefits for her children through her employment. Additionally, the Shared Parenting Plan requires that Melinda and Christopher equally share in the costs of the uninsured medical bills for the care of their minor children.
 {¶ 21} A review of the record reveals that Melinda admitted that she did not have insurance coverage for the minor children. Further, she testified that she did not realize that she was required to pay one-half of the insurance expenses until Christopher's attorney notified her.
 {¶ 22} Additionally, Melinda was clearly obligated under the executed Shared Parenting Plan to pay one-half of all uninsured medical expenses for their minor children. In fact, she proffered evidence to show that she should have been reimbursed from Christopher. Further, she did not offer any evidence that she was unable to obey the Shared Parenting Plan.
 {¶ 23} Therefore, we find that the trial court did not abuse its discretion when it found Melinda in contempt for failing to pay one-half of the insurance costs Christopher expended and for failing to pay one-half of the uninsured medical expenses incurred by the parties' minor children. Accordingly, the first assignment of error is overruled.
 Assignment of Error No. II {¶ 24} In her second assignment of error, Melinda asserts that the trial court abused its discretion in determining that she owed Christopher approximately thirty-three hundred dollars and in giving greater weight and credence to Christopher's evidence. Specifically, she argues that she provided ample evidence for the trial court to determine that she was actually owed more than eight hundred dollars instead of owing Christopher approximately thirty-three hundred dollars. We disagree.
 {¶ 25} "Judgments supported by competent, credible evidence * * * will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. FoleyConst. Co. (1978), 54 Ohio St.2d 279, syllabus. Here, both parties submitted evidence showing medical expenses which they had paid and needed to be reimbursed for under the Shared Parenting Plan. After receiving all the submitted evidence, the trial court awarded Christopher seven hundred eighty dollars to reimburse the medical insurance expenses that have not been paid and two thousand five hundred nineteen dollars and twenty-six cents to reimburse expenses not paid by insurance. In light of the evidence presented and the trial court's findings, we conclude this order was reasonable.
 {¶ 26} The trial court had before it medical invoices detailing the expenses billed to Christopher for the children, cancelled checks, and a written itemized statement showing both what Christopher had paid and what Melinda had requested to be paid. Also, the trial court had Melinda's evidence showing the medical expenses she had paid. After reviewing the evidence, the trial court concluded, "The Court cannot tell from [Melinda's] evidence what payments have been made and what reimbursements have been requested. Accordingly, the Court does not accept [Melinda's] defense as it has not been adequately demonstrated through the evidence." Upon review of the evidence, we conclude that the trial court's calculation of the judgment is supported by the greater weight of the evidence as is required to sustain the judgment. Accordingly, the second assignment of error is overruled.
 Assignment of Error No. III {¶ 27} In her third assignment of error, Melinda asserts that the trial court erred when it denied her motion for reconsideration and to supplement the record. Specifically, Melinda argues that the trial court should have given her the opportunity to proffer additional exhibits to the court in the form of cancelled checks, because the trial court gave more weight to the evidence proffered by Christopher. We disagree.
 {¶ 28} After the trial court reviewed the evidence and found Melinda in contempt, she asked the trial court to reconsider its decision based upon the fact that she presented insufficient evidence at the time of hearing. Melinda provides no authority supporting her contention that she should have been allowed to supplement the record by providing new and better evidence, and we have not found any. It is axiomatic that Melinda should have been fully prepared to proceed at the time of the hearing, and if the trial court allowed individuals to constantly supplement the record after they lose, no litigation would ever be completed. Additionally, Melinda cites no authority nor do the civil rules allow her motion for reconsideration. As such, we do not find her argument to supplement the record or to allow her motion for reconsideration persuasive. Accordingly, the third assignment of error is overruled.
 Assignment of Error No. IV {¶ 29} In her fourth assignment of error, Melinda argues that the trial court abused its discretion in awarding attorney fees to Christopher for enforcing his contempt action against her. Specifically, Melinda argues that the trial court needed to determine her ability to pay prior to awarding attorney fees. We disagree.
 {¶ 30} The decision to award attorney fees is typically relegated to the sound discretion of the trial court and is not to be overturned absent an abuse of discretion. Babka v. Babka
(1992), 83 Ohio App.3d 428, 435. An abuse of discretion is more than error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 31} R.C. 3105.18(H) states that the court may award reasonable attorney fees in a proceeding to enforce a prior order, if it determines that the other party has the ability to pay. Specifically, "The court * * * shall determine whether either party will be prevented from fully litigating his rights and adequately protecting his interests if it does not award reasonable attorney fees." R.C. 3105.18(H).[5] Ohio courts have also held that attorney fees for the appeal of a divorce decree could not be awarded absent a finding that the wife was unable to pay, and the husband was able to pay. Farley v.Farley (1994), 97 Ohio App.3d 351, 358. Here, there was no evidence and the trial court did not determine Melinda's ability to pay.
 {¶ 32} However, Ohio courts have long held that a trial court has discretion to award reasonable attorney fees against a party found guilty of civil contempt. State ex rel. Fraternal Order ofPolice Captain John C. Post Lodge No. 44 v. Dayton (1977),49 Ohio St.2d 219, 230-31; Cherwin v. Cherwin, 8th Dist. No. 84875, 2005-Ohio-1999; Marx v. Marx, 8th Dist. No. 82021,2003-Ohio-353; Villa v. Villa (May 14, 1998), 8th Dist. No. 72709. It would be unfair to require Christopher to expend his own funds to enforce the Shared Parenting Plan, when Melinda failed to comply. See, Villa, supra.
 {¶ 33} Here, the court based its attorney fee award on a local rule of court that provides that three-hundred dollars is "a reasonable, necessary and appropriate amount for attorney fees for representation in cases upon which a finding of contempt has been made * * *." Auglaize Loc.R. 26.15. We cannot find that the trial court abused its discretion in the award of attorney fees. Accordingly, the fourth assignment of error is overruled.
 {¶ 34} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant, P.J. and Cupp, J., concur.
[1] The same language is also used in Christopher and Melinda's separation agreement at Article VI.
[2] We note that in Christopher's motion for contempt and supporting affidavit, he states that Melinda failed to pay one-half of the "Medical Insurance Premiums from August 2004 through August 2004 in the amount of Seven Hundred Eighty Dollars ($780.00)." However, it is easily deduced from the evidence presented at trial that this was just a typographical error, and Christopher was actually owed one-half of the premiums from August 2002 through August 2004.
[3] We note that the trial court found Melinda in contempt of court "beyond a reasonable doubt" rather than to the lesser standard of "clear and convincing evidence." Since "beyond a reasonable doubt" is a higher standard than the "clear and convincing evidence" standard, we find it to be harmless error. See Ohio State Bar Assn. v. Reid (1999), 85 Ohio St.3d 327,331.
[4] The journal entry states "The Court cannot tell from 1st Petitioner's evidence * * *." However, reading the entire journal entry, we believe that the trial court meant Melinda rather than Christopher and would consider the use of "1st" rather than "2nd" to be typographical error. Additionally, Melinda admits in her appellate brief that the trial court is referring to her.
[5] We note that R.C. 3105.18(H) was repealed on April 27, 2005.