SMITH, N.K.A. POENISCH, APPELLANT, *v.* SMITH, APPELLEE.

(No. 79AP-934—Decided September 9, 1980.)

*Messrs. Pope & Blum* and *Mr. Robert A. Pope,* for appellant.

*Messrs. Bolon, Teegardin & Abroms* and *Mr. Thomas M. Bolon,* for appellee.

STRAUSBAUGH, P. J.   This is an appeal from an order of the Court of Common Pleas of Franklin County, Division of Domestic Relations, finding plaintiff-appellant, Peggy Lue Smith (now Poenisch), in contempt and sentencing her to five days in the Women's Correctional Institution.

The parties were divorced on March 21, 1977, with custody of their two minor children being granted to the plaintiff. The record indicates that, following the divorce, the par-

ties were able to agree on reasonable rights of visitation, until plaintiff remarried. From that point, the visitation of the defendant-appellee, Louis Eugene Smith, became sporadic until it stopped completely in October of 1977.

On February 21, 1979, defendant made a motion for an order establishing his visitation rights. On May 11, 1979, the trial court established a schedule for visitation and a schedule by which defendant could purge himself of contempt due to his failure to make support payments as provided in the divorce decree.

On June 6, 1979, defendant moved for an order finding plaintiff in contempt for her failure to abide by the schedule for visitation. Said motion was dismissed by the trial court on June 29, 1979.

Defendant then filed another motion for an order finding plaintiff in contempt for her failure to abide by the schedule for visitation on August 14, 1979. Said motion was heard before a referee of the trial court who recommended that the defendant's motion should be dismissed in light of *Foster* v. *Foster* (1974), 40 Ohio App. 2d 257, and *Day* v. *Day* (Franklin Co. Ct. of Appeals No. 78AP-733, March 6, 1979), unreported.

Objections to the report of the referee were properly filed by defendant. The trial court reversed the recommendation of the referee and found plaintiff in contempt. Upon a subsequent recommendation of the referee, the trial court sentenced plaintiff to five days' confinement in the Women's Correctional Institution.

In appealing the decision of the trial court finding plaintiff guilty of contempt and sentencing her to five days' confinement, plaintiff raises the following assignments of error:

"I. The evidence does not support a finding that appellant willfully violated the Court's visitation order.

"II. By failing to continue the September 24, 1979 contempt hearing so that the child psychologist could be present, the Referee below denied appellant and her children their due process right to be heard and their right to compulsory process for obtaining witnesses.

"III. The Referee committed reversible error in overruling appellant's objections as to the admissibility of evidence regarding matters which took place prior to June 29, 1979.

"IV. The Trial Court erred in imposing a grossly excessive sentence."

In support of plaintiff's first assignment of error, plaintiff argues that she could not be found to be in criminal contempt of court in the absence of certain constitutional safeguards. As the Ohio Supreme Court recently stated in *State* v. *Kilbane* (1980), 61 Ohio St. 2d 201, 204-205, there must be a distinction made between criminal and civil contempt proceedings and sentences. The plaintiff contends that this distinction is based on the ability of a party to purge himself of the alleged contempt. The plaintiff argues that if purging is possible, the contempt is civil in nature; if not, then the contempt is criminal in nature, according to the plaintiff.

In *Kilbane, supra,* at page 206, the court cited *Shillitani* v. *United States* (1966), 384 U. S. 364, and held that the distinction between a civil contempt and a criminal contempt is the purpose the trial court seeks to achieve by imposing sentence. A review of the entire record of this case indicates that the purpose of the trial court in imposing a sentence against the plaintiff for contempt was to coerce her into future compliance with the visitation requirements established by the court. Therefore, plaintiff was found to be in civil contempt of court, not criminal contempt, which requires certain constitutional safeguards prior to conviction.

Plaintiff also contends that her citation for contempt was improper in light of her testimony indicating that she had encouraged the children to visit the defendant. Citing *Foster* and *Day,* plaintiff argues that she did all that the law requires of a custodial parent concerning the delivery of the children for visitation by the noncustodial parent.

This case can be distinguished on its facts from the decisions in *Foster* and *Day.* The record in this case indicates that the ages of the children are 8 and 5. In *Foster,* the minor daughter who refused to have any visits with her father was 15 years old. In *Day,* the minor daughter, who controlled the younger children and refused to visit with the noncustodial parent, was 13 years old.

Age must be a central consideration in determining when a minor's reluctance in visiting with the noncustodial parent is enough to prevent visitation. R. C. 3109.04(A) allows the choice of a minor, who is twelve years of age or older, to

become a factor in the determination of what is in the best interests of the child for custody purposes. R. C. 3109.04(A) and the decisions of this court in *Foster* and *Day* recognize the difficulty in compelling a minor of a certain age to visit a parent with whom the child does not want to visit or live. Nevertheless, this court has never failed to protect the noncustodial parent's right to visitation, in the absence of proof that the children, *affirmatively* and *independently,* do not wish to have any visitation.

The age of the children in this case prevents them from making an affirmative and independent choice not to visit with the defendant. A careful review of the record leads this court to agree with the finding of the trial court that the visitation rights of the defendant were being interfered with by the plaintiff, who used the children's reluctance to visit defendant as an excuse to thwart the defendant's right of visitation. Even though plaintiff did not present any evidence indicating that defendant had previously conducted visitation in an improper manner, she testified, several times, that the defendant's right to visitation should be limited to visits within the plaintiff's home. In short, the plaintiff's opinion as to the visitation rights of the defendant cannot substitute for that of the trial court's.

In the absence of proof showing that visitation with the defendant would cause physical or mental harm to the children or a showing of some justification for preventing visitation, the plaintiff must do more than merely encourage the minor children to visit the defendant. Until the children can affirmatively and independently decide not to have any visitation with the defendant, the plaintiff must follow the court order that she deliver the children to the defendant for purposes of visitation.

For the foregoing reasons, plaintiff's first assignment of error is not well taken and is, therefore, overruled.

In support of the second assignment of error, plaintiff contends that she and the children were denied their due process right to be heard by the trial court's failure to continue the contempt hearing to a date when the child psychologist could be present. Any prejudice resulting from the failure of the child psychologist to testify at the contempt hearing arises from the failure of the plaintiff to subpoena her own witnesses.

The record does not indicate any attempt by the plaintiff to secure the attendance of the child psychologist until after the trial court found plaintiff to be in contempt. For the aforementioned reasons, the plaintiff's second assignment of error is not well taken and is, therefore, overruled.

In the third assignment of error, plaintiff contends that there was reversible error by the referee in admitting evidence regarding matters which took place prior to June 29, 1979. Because the referee admitted such evidence for the purpose of determining the nature of the visits between the defendant and the children, said evidence was relevant, admissible and not prejudicial. In admitting the plaintiff's past testimony in the same case, the referee was only allowing evidence testing plaintiff's credibility as a witness. Such evidence was not prejudicial. The plaintiff's third assignment of error is not well taken and is, therefore, overruled.

In her fourth assignment of error, plaintiff argues that the sentence of five days in the Women's Correctional Institution is grossly excessive. In *Kilbane, supra,* at pages 206-207, the court noted " * * * that if the contempt is civil the sanction is primarily coercive in nature and must allow for purging. * * * " Black's Law Dictionary (5 Ed. 1979), at page 1111, defines purging as the act of clearing or exonerating one from an order of contempt.

Both parties noted the difficulty in formulating a remedy allowing plaintiff to purge herself of contempt within their respective briefs. Certainly, this is not a monetary arrearage case where the contemner may write a check and purge himself of any alleged contempt. The contempt citation arose from the failure of the plaintiff to deliver the children to the defendant pursuant to a court order which established a visitation schedule. It must be noted that the purpose of this action by the defendant was to assure future compliance with the visitation privileges established by the trial court. Certainly, the serving of a five-day sentence does not necessarily assure the defendant that plaintiff will respect his visitation privileges.

Civil contempt is a coercive remedy by which the court can compel compliance with a court order. *Kilbane, supra.* While the trial court cannot fashion a remedy to return *past* visitations to the defendant by allowing the plaintiff to purge herself of contempt, the trial court can compel *future* compliance with

the visitation schedule established by the court order, thus, allowing plaintiff to purge herself of any alleged contempt.

Upon examination of the sentence handed down by the trial court, we conclude that said sentence is not excessive. This conclusion is based on this court's recognition of the necessity of protecting the visitation rights of the noncustodial parent for the benefit of the children as well as the noncustodial parent. Nevertheless, the sentence, as handed down by the trial court, does not allow plaintiff to purge herself of contempt.

To insure compliance with the visitation order and to provide plaintiff with an opportunity to purge herself of contempt, the judgment of the trial court is hereby modified. The five days that plaintiff was ordered to serve in the Women's Correctional Institution are to be suspended on the condition that plaintiff comply with the visitation order of the trial court within a reasonable time, in the discretion of the trial court. Further noncompliance with the visitation orders as set forth in the judgment of the trial court may subject plaintiff to stricter punishment.

Plaintiff's fourth assignment of error is not well taken, and is, therefore, overruled.

Accordingly, the judgment of the trial court as modified is affirmed.

*Judgment affirmed as modified.*

REILLY and MOYER, JJ., concur.