## White v. White
### [Cite as 2 AOA 455]

Case No. 2525
Wayne County, (9th)
Decided March 7, 1990

R.C. 2705.02
R.C. 3109.04

David N. Spector, Attorney at Law, 225 N. Market St., Box 488, Wooster, OH 44691 for Plaintiff.

Robert N. Gluck, Attorney at Law, 231 N. Buckeye St., Box 1011-E, Wooster, OH 44691 for Defendant.

CACIOPPO, J.

Plaintiff-appellant asserts that the trial court erred in finding the plaintiff-appellant in contempt of the trial court's visitation order. We affirm.

Plaintiff-appellant, Beverly J. White and defendant-appellee, John H. White, were divorced on November 13, 1978. As part of the divorce decree, Beverly was awarded custody of the couple's five month old son, Dustin, and John was awarded visitation privileges.

On September 21, 1988, the referee issued a report and recommendation that John have visitation on alternating Sundays, in a relative's home, for a period of sixty days, at which time the visitation would be alternating weekends. The court approved and incorporated the referee's report and recommendations in its September 22, 1988 order.

On October 18, 1988, John requested that the trial court find Beverly in contempt for denying John his visitation privileges. After a hearing was held on the matter, the referee issued a report and recommended in relevant part as follows:

"1. That Plaintiff is hereby found not to be in contempt of Court for denial of visitation.

"2. Plaintiff is hereby admonished that in the future she obey all Orders of this Court with regard to visitation and cooperate fully with the Defendant's right of visitation to avoid future contempt action."

"*** "

The trial court approved and incorporated the referee's report and recommendations in its November 21, 1988 order.

On March 1, 1989, John again requested that the trial court find Beverly in contempt for denying John his visitation privileges.

The trial court held a hearing on the contempt motion. On September 1, 1989, the court issued an order finding Beverly in contempt and ordering her to pay a $250 fine and $500 attorney fees to John. Findings of Fact and Conclusions of Law were entered on September 18, 1989. Beverly appeals.

### ASSIGNMENT OF ERROR I

"The court's finding that Beverly J. White nka Beverly J. Brink willfully denied visitation pursuant to court order is against the manifest weight of the evidence."

Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St. 2d 279, syllabus.

A court has authority both under R.C. 2705.02(A), and on the basis of its inherent powers, to punish the disobedience of its orders

with contempt proceedings. *Zakany* v. *Zakany* (1984), 9 Ohio St. 3d 192, syllabus.

R.C. 2705.02 provides in relevant part:

"A person guilty of any of the following acts may be punished as for a contempt:

"(A) Disobedience of, or resistance to, a lawful writ process, order, rule, judgment, or command of a court or an officer;"

"***."

Thus, the failure to comply with a court ordered visitation schedule is an indirect contempt.

In the case *sub judice,* John testified that he was denied visitation twelve out of sixteen times and he testified as to the specific dates of those denials. John also testified that when he telephoned Beverly to arrange for visitation, she would hang up without speaking to him. John presented evidence that Beverly telephoned the sheriff's department on April 7, 1989, and reported that her ex-husband was in her drive-way claiming to have visitation rights and she wanted him removed. The evidence showed that Beverly did not answer the door to the responding deputy until after John complied with the deputy's request to leave the property at which time Beverly claimed that she had filed a restraining order forbidding John from contacting Dustin. At trial, Beverly's counsel stipulated that there was no such court order.

Beverly testified that she did not know how many visits John did or did not have with Dustin.

Beverly asserts that John's failure to have visitation was legitimate due to Dustin's emotional problems. At trial Beverly presented the testimony of Mary Mays, a Children Services Supervisor involved with Dustin, Beverly and John. Mays testified that when anyone presented to Dustin the reason that visitation was important Dustin would become uncontrollably angry, scream profanity and throw items. When Mays was asked whether she had an opinion as to whether Beverly was part of engineering those angry feelings in Dustin, Mays testified that it was directly related to Beverly's feelings about John. Mays also testified that forcing Dustin to visit John within the framework of a support system where Dustin's anger could be mediated would not have been detrimental to him and that such a support system existed for Dustin.

Until a child can affirmatively and independently decide that he does not wish to have visitation with the non-custodial parent, the custodial parent must follow the court order and deliver the child to the non-custodial parent. See *Smith* v. *Smith* (1980), 70 Ohio App. 2d 87, 90. The custodial parent cannot use the child's reluctance to visit the non-custodial parent as an excuse to thwart the visitation order. *Id.* at 90. In the absence of a showing of some justification for preventing visitation, the custodial parent must do more than just encourage the child to visit the non-custodial parent. *Id.*

In the case *sub judice,* Dustin's age prevents him from making an affirmative and independent choice not to visit with John. The trial court could reasonably conclude that Beverly attempted to use Dustin's reluctance to visit John as an excuse to undermine the visitation order. There was competent credible evidence presented that Beverly disobeyed the visitation order. Therefore, we hold that the trial court's finding that Beverly was in contempt of the trial court's visitation order was not against the manifest weight of the evidence.

The first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

"The court erred to the prejudice of appellant by not allowing her an ability [sic] to purge the contempt."

Beverly argues that the $250 fine was improper because she was not given an opportunity to purge the alleged contempt. Beverly correctly argues that in a civil contempt action the contemnor must be granted an opportunity to purge that contempt prior to incurring the penalty. *Tucker v. Tucker* (1983), Ohio App. 3d 251, 252. However, she incorrectly assumes that the contempt is civil rather than criminal because it arose out of a domestic matter.

The distinction between civil and criminal contempt turns on the character and purpose of the sanction imposed. See *Brown v. Executive 200, Inc.* (1980), 64 Ohio St. 2d 250. Either a fine or imprisonment, or both, may be imposed in civil or criminal contempt cases. In the civil context, however, the purpose of the sanction is coercive in that it is intended to force the contemnor to comply with the court's order. *Id.* See, also, *In the matter of the Estate of Maureen Kaviris* (July 15, 1987), Summit App. No. 12976, unreported.

A sanction for criminal contempt, is a punishment for past refusal to obey a court order. *Schrader v. Huff* (1983), 8 Ohio App. 3d 111, 113. No coercive element is present. The primary purpose of the punishment is to

vindicate the authority of the court. *Tucker, supra,* at 252.

In this case, the sanction imposed does not reflect a coercive purpose. There is no specific condition which Beverly could satisfy in order to avoid the punishment imposed. The character of the fine is one of punishment for the completed act of Beverly's disobedience of the visitation order.

The record in the instant case does not demonstrate the denial of any substantial rights or constitutional privileges to Beverly. There is an abundance of evidence, which if believed justifies a finding beyond a reasonable doubt of willful contempt of court.

Accordingly, the second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

"The court erred to the prejudice of appellant in awarding attorney's fees without any evidence as to the amount."

A trial court has discretion to include reasonable attorney fees as part of costs taxable to a defendant found guilty of civil contempt. *State, ex rel. Fraternal Order of Police,* v. *Dayton* (1977), 49 Ohio St. 2d 219, syllabus. Where the amount of attorney's time and work is evident to the trier of fact, such is a basis for an award of attorney fees even in the absence of specific evidence as to the fee amount. See, *Cram* v. *Cram* (May 10, 1989), Medina App. No. 1746, unreported.

It is evident on the record that John's counsel spent substantial time performing various legal tasks in prosecuting the contempt charge to enforce the visitation order. Therefore, the trial court's reasonable award of $500 in attorney fees was not an abuse of discretion.

The third assignment of error is overruled.

*Judgment affirmed.*