[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTIONS FOR CONTEMPT AND OTHERPOST-JUDGMENT MOTIONS
Pending before the court are various post judgment motions filed by the parties, Barbara Claire, counsel of the minor children, and Susan Connolly, guardian ad litem for the minor children.[1] On October 23, 1997, the court issued a preliminary decision regarding the motions and indicated that specific orders would follow. This ruling supplements the court's preliminary decision.
A judgment dissolving the parties marriage was issued by Judge Alander on May 15, 1997. On May 21, 1996, prior to the entry of the judgment, the plaintiff, Valerie Gilman, was held in contempt of court by Judge Munro for Ms. Gilman's violation of the visitation of the children, Lesleigh and Blair, awarded to the defendant Richard Gilman, pendent lite. Judge Munro imposed a $750 sanction for this contemptuous conduct.
Judge Alander's decision was issued after very lengthy and bitter proceedings which included hotly contested custody and visitation issues. As part of Judge Alander's decision, Ms. Gilman was again found in contempt for interfering with the court ordered visitation schedule. She was fined $1,050 and ordered to pay $750 of the defendant's attorneys fees. The court's judgment also ordered that a $150 fine be imposed for every visitation missed in the future and caused by the plaintiff's wilful actions.
Most of the motions now pending before the court are the result of the ongoing, highly hostile dispute regarding Mr. Gilman's exercise of his visitation rights. He has not had any meaningful visitation with the children for at least six months and he has filed 22 separate motions for contempt between May and CT Page 13459 October 1997. The relationship between the parties has become so bitter and estranged that they have been unable to have any meaningful communications about visitation issues. They are both myopic and extreme in their viewpoints, and the uncooperative and unhealthy nature of their attitudes has been adopted by their children.
Mr. Gilman's position is that Ms. Gilman has poisoned the children's minds against him. She has deliberately interfered with his visitation rights and has failed to exercise any reasonable parental authority to ensure the children's visitation with him. According to him, he has done nothing to cause the very bitter and antagonistic feelings that his children have against him.
Ms. Gilman insists that she has done all she can do to accomplish the visitation and has not wilfully disobeyed the court's visitation orders. According to her, she has encouraged and insisted that the children visit their father; she has even sought outside assistance from the children's therapists and the court appointed guardian. She explains that despite her best efforts, the children refuse to visit their father because they view him as being a close-minding, unfriendly person; features that they generally characterize as being his "behavior."
The court interviewed the children individually in the presence and with the participation of the parties. Both children indicated that they do not want to visit their Father. Lesleigh stated that she would be willing to visit if her father's attitude and their relationship could change for the better. Blair flatly demanded that visitation with her father end altogether and indicated that she would resist any efforts for her to visit him. They both indicated that Mr. Gilman does not respect their views, considers them to be "parrots" of their mother, and is very rigid and inflexible in his relationship with them.
The court finds that Ms. Gilman has wilfully and contemptuously violated the court's visitation order. The evidence establishes instances when she has either deliberately interfered with the visitation or has failed to exercise reasonable parental discretion to ensure that the minor children participate in the visitation. See generally Commonwealth Ex.Rel. Ermel v. Ermel, 469 A.2d 682 (Pa.Super. 1983); Smith v.Smith, 434 N.E.2d 749 (Ohio App. 1980). CT Page 13460
The court finds that in many instances the children themselves resisted visitation, and Ms. Gilman's appreciation of their feelings may have motivated her actions. However, Judge Alander was aware of many of these issues when the visitation was ordered. Furthermore, Ms. Gilman allowed the noncompliance to continue over an extended time period without taking any action to modify the order or assert any claim of impossibility. She filed a motion to modify the visitation order well after the commencement of the contempt proceedings. Ms. Gilman cannot simply disregard the court's order because she disagrees with it or allow her children to do so either.
In regard to Mr. Gilman, he has utterly failed to take any responsibility whatsoever for the poor relationship between him and his daughters. The inflexible and intransigent nature of his behavior has been further reflected by his post-hearing position that if the court does not grant his pending motion to transfer the children's physical custody to him, he wants suspension of visitation altogether until he believes he and the children are ready for visitation. Although Ms. Gilman's actions have not helped to facilitate good relations between Mr. Gilman and the children, the court rejects Mr. Gilman's contention that Ms. Gilman has so "poisoned" the children's minds against him that they have no independent views of their own. The court has had the opportunity to evaluate both the testimony, credibility and demeanor of the parties and their children; and to some extent the court has also had the opportunity to evaluate the manner in which the parties relate to the children. This evidence clearly establishes: that Mr. Gilman fails to appreciate the feelings of his children; that he has an extreme fixation on himself and his own views; that he completely fails to appreciate how these factors adversely affect his relationship with his children; and that as a result, his relationship with them at the present time is characterized by extreme animosity and distrust. The relationship between Mr. Gilman and the minor children has deteriorated to such an extent that continued visitation without therapeutic intervention is not in the children's best interest at this time. Both the attorney and the guardian ad litem for the children recommend a temporary termination of Mr. Gilman's visitation rights during which time he and the children should participate in therapeutic reconciliation sessions. The court finds that the evidence fully supports this recommendation.
ORDERS
CT Page 13461
1)(a) Mr. Gilman's Motions For Contempt having the following file numbers are hereby granted: 234 (as to July 8, 1997), 235, 236, 245, 249, 250, 255, 257, 265, 266, 269, 269-1, 270, 272.
(b) The court imposes the following sanctions against Ms. Gilman for her actions in contempt of the court's visitation orders:
 (i) The court imposes a sanction of $150 for each of the 23 missed days of visitation as identified in the granted motions for contempt for a total sanction of $3450. This sanction shall be paid in full to the clerk of the court within 45 days or further sanctions may be imposed.
 (ii) The court imposes upon Ms. Gilman a sanction of three days incarceration for which execution is hereby suspended. The sentence shall be served along with any other sanction as may be found necessary by the court for any future violation of this court's visitation orders.
 (iii) The court orders as a further sanction that Ms. Gilman pay 60% of the court approved, post-judgement fees of Attorney Barbara Claire, the attorney for the children. The court orders as a further sanction that Mrs Gilman pay 60% of the court approved, post-judgement fees of Attorney Susan Connolly, the guardian ad litem for the children.
 (iv) The court orders as a further sanction that Ms. Gilman pay $750 of the attorney fees incurred by Mr. Gilman for the prosecution of the contempt motions. This $750 shall be paid within 45 days or further sanctions may be imposed.
(c) Mr. Gilman's Motions For Contempt having the following file numbers are hereby denied as the court finds that the violations were not wilful: 234 (as to the July 4th holiday), 221, 228, 229, 230, 243, 247, 256, 268.
2. Mr. Gilman's Motion To Modify The Decree As To Custody ofThe Minor Children is denied. CT Page 13462
3. Ms. Gilman's Motion To Suspend And/Or Modify Visitation is granted as follows:
 a. The court hereby suspends Mr. Gilman's visitation with the minor children and orders family therapy intervention between Mr. Gilman and the minor children, the primary purpose for this therapy being to improve the relationship between Mr. Gilman and the children prior to the resumption of visitation. The intervention therapy shall be done by the Yale Child Study Center in New Haven, Connecticut. The therapist shall determine the length of the visitation suspension and the number of therapy sessions; except that the suspension shall not be continued for more than 120 days from the date of this order without further court order, and the suspension may be continued beyond this 120 day period in the absence of Mr. Gilman's participation or upon recommendation from the therapist The costs of the therapeutic intervention shall be borne by Mr. Gilman. Ms. Gilman is ordered and counsel for the minor children is requested to cooperate and communicate with Mr. Gilman to ensure the children's attendance at and participation in the therapy sessions.
4. Attorney Claire's Motion For Attorney Fees is hereby granted in the amount of $6,500 which the court finds reasonable on the basis of the circumstances presented and the services provided. Ms. Gilman shall pay 60% of these fees or $3,900 and Mr. Gilman shall pay $2600 of these fees. These payments shall be made by the parties within 90 days or sanctions may be imposed.
5. Attorney Claire's Motion to Withdraw is hereby granted.
6. Attorney Connolly's Motion for Attorney Fees is hereby granted in the amount of $4,000 which the court finds reasonable on the basis of the circumstances presented and the services provided. Ms. Gilman shall pay 60% of these fees or $2400 and Mr. Gilman shall pay $1600 of these fees. These payments shall be made within 90 days or sanctions may be imposed.
7. Attorney Connolly's Motion To Withdraw is hereby granted. CT Page 13463
8. Plaintiff's Motion For Appointment of Counsel For MinorChildren is hereby granted and Attorney Denise Ansell, 80 Broad Street, New London, Connecticut, is appointed to represent the minor children. The court is not appointing a guardian ad litem for the minor children at this time, without prejudice for either party filing a motion or for the court considering the appointment of such a guardian in the future.
9. Plaintiff's Post Judgment Motion for Counsel Fees is hereby denied as the parties shall bear the costs of their own attorney fees, except the motion is granted to the extent that Ms. Gilman shall pay $750 of plaintiff's counsel fees as previously ordered.
Dated this 9th day of December 1997.
Stevens, J.