JOURNAL ENTRY AND OPINION
{¶ 1} This is a consolidated appeal of Case Nos. 86588 and 86590. Plaintiff Patricia R. Goldberg appeals the decision of the trial court to modify spousal support and reduce attorney's fees. Defendant Eli R. Goldberg appeals the decision of the trial court to award modified spousal support, attorney's fees, and the trial court's finding of contempt.
 {¶ 2} Patricia filed for divorce in 1998. The divorce was finalized on January 9, 2001. All assets were divided equally, and Eli was ordered to pay spousal support of $1,530 per month, poundage included. The domestic relations court retained jurisdiction to modify the order of spousal support after 24 months following journalization of the divorce decree.
 {¶ 3} On January 9, 2004, Eli filed a motion to modify spousal support. Patricia filed a motion to show cause for failure to pay spousal support and a motion for attorney's fees. A hearing was held before a magistrate. After the magistrate's findings of fact and conclusions of law were issued, both parties objected. The trial court upheld the reduction in spousal support and the finding of contempt, but reduced the attorney's fees. Both parties appealed.
 {¶ 4} Patricia advances two assignments of error, and Eli advances three assignments of error for our review.
 {¶ 5} Patricia's first assignment of error states the following: "The trial court erred in finding a change of circumstance to modify spousal support and in failing to apply R.C. 3105.18 and the interpretative case law."
 {¶ 6} Eli's first assignment of error states the following: "The trial court erred and abused its discretion in adopting the Magistrate's Decision of March 1, 2005, insofar as the trial court found that Defendant-Appellant should continue to pay Plaintiff-Appellee any spousal support."
 {¶ 7} These assignments raise similar legal and factual issues concerning Eli's motion to terminate spousal support. Patricia argues that Eli has failed to prove by clear and convincing evidence that there was a substantial change of circumstances not contemplated at the time of the previous order. Patricia maintains that Eli is not retired and his business has not diminished since the divorce. Patricia contends that Eli has failed to prove a change that was material to the issue of need or ability to pay, or of sufficient duration to warrant the change. She insists the trial court erred in modifying the support order.
 {¶ 8} Eli argues that the modification was insufficient and that the trial court should have terminated spousal support because of his retirement and his inability to pay. Eli maintains that his business declined over the past few years, which forced him not to take a salary. He asserts that because of his age and health problems, he thought it was time to turn his business over to his son.
 {¶ 9} We review modification orders for an abuse of discretion. Kucmanic v. Kucmanic (1997), 119 Ohio App.3d 609,612, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144. R.C.3105.18(E) states that the court may modify the amount or terms of a spousal support order upon a determination that "the circumstances of either party have changed." A "change of circumstances" includes, but is not limited to, "* * * any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). If the domestic relations court finds a change of circumstances, it must then determine whether spousal support is still necessary and, if so, in what amount. Kucmanic, supra, citing, Binghamv. Bingham (1991), 9 Ohio App.3d 191.
 {¶ 10} In determining whether a modification of spousal support is warranted, the trial court must engage in a two-step analysis. Barrows v. Barrows, Summit App. No. 21904,2004-Ohio-4878, at P7. The court must first determine whether jurisdiction has been established pursuant to R.C. 3105.18(E). In this case, the parties do not dispute that the jurisdictional element has been met. Next, the court must determine the appropriateness and reasonableness of the award pursuant to the factors set forth in R.C. 3105.18(C)(1). Eli argues that the modification is unreasonable because the trial court did not terminate his spousal support obligation. As the party seeking the reduction in spousal support, Eli maintains the burden of showing that a reduction or termination is appropriate. Id. at P8, citing Reveal v. Reveal, 154 Ohio App.3d 758,2003-Ohio-5335, at P14.
 {¶ 11} A review of the record indicates that the lower court considered all relevant factors in its determination to reduce Eli's monthly spousal support obligation from $1,500 to $800. The magistrate found, inter alia, that Eli was entitled to retire and that his decision to cut back was not made in bad faith. The magistrate noted, however, that Eli had not completely phased himself out of the company and was still working two days a week. The magistrate concluded that Eli had the ability to put himself back on the payroll to help pay his support obligation. Consequently, the magistrate determined that some income should be imputed to Eli so long as he had control over the franchise and involvement in the business. The trial court adopted the magistrate's decision regarding the modification in spousal support.
 {¶ 12} Relying on the consideration of the factors set forth in R.C. 3105.18(C)(1), the lower court found that a reduction, not a termination, in spousal support was appropriate. Under the circumstances, this court finds that the lower court did not abuse its discretion by failing to terminate spousal support. Furthermore, the lower court's finding that Eli had established a change in circumstances since the original support order was not in error. Accordingly, the modification of spousal support was not an abuse of discretion. Patricia's and Eli's first assignments of error are overruled.
 {¶ 13} Eli's second assignment of error states the following: "The trial court erred and abused its discretion in adopting the Magistrate's Decision of March 1, 2005, insofar as the trial court found Defendant-Appellant to be in arrearage regarding spousal support payments to Plaintiff-Appellee and to be in contempt due to said alleged arrearage."
 {¶ 14} Eli argues that he is not in contempt of court for failure to pay spousal support because he was unable to pay the support amount. Further, Eli contends that it is inconsistent for the court to reduce his spousal support obligation and still find that he is able to pay the arrearages.
 {¶ 15} A reviewing court will not reverse the decision of the lower court in a contempt proceeding absent a showing of an abuse of discretion. Cherwin v. Cherwin, Cuyahoga App. No. 84875,2005-Ohio-1999. Contempt is defined in general terms as disobedience of a court order. A prima facie case of contempt is established when the divorce decree is before the court along with proof of the contemnor's failure to comply with it. Dzinav. Dzina, Cuyahoga App. No. 83148, 2004-Ohio-4497. Once a prima facie case is shown, the burden shifts to the contemnor to present evidence of his inability to pay or any other defenses that may be available to him. Robinson v. Robinson (Mar. 31, 1994), Wood App. No. 93WD053.
 {¶ 16} In this case, Eli, without court order, reduced his spousal support payments to Patricia in December 2003 from $1,530 to $400. On January 9, 2004, Eli moved to terminate or modify his spousal support order. After a hearing, the magistrate reduced the spousal support order to $800, and the modification was made retroactive to the date of the filing. Nevertheless, Eli's $400 payments left an arrearage of $9,439.20.
 {¶ 17} Eli complains that he should not have been found in contempt because he was unable to pay more than $400 a month. Eli claims that his business took a downturn and that the company could not afford to pay both him and his son. Eli maintains that he retired to save the business for his son. The magistrate found that Eli controlled the payroll, eliminated his salary, and made a unilateral decision to cut his spousal support payments to $400 per month without court order. Further, the magistrate found that there was not a substantial downturn in his business, as Eli suggested, and that some income should be imputed to Eli because he continued to participate in the business. As noted previously, the trial court adopted the magistrate's decision.
 {¶ 18} We find that the lower court did not abuse its discretion when it found Eli in contempt of court for failure to pay spousal support. Although the lower court modified the support order, it did not reduce it to $400. Also, Eli reduced payments prior to any court-ordered modification; therefore, Eli had underpaid his support obligation for several months in violation of the original spousal support order. Accordingly, Eli's second assignment of error is overruled.
 {¶ 19} Patricia's second assignment of error states the following: "The trial court erred in reducing the attorney fees award without explanation or reviewing the Swanson v. Swanson
factors."
 {¶ 20} Eli's third assignment of error states the following: "The trial court erred and abused its discretion in adopting the Magistrate's Decision of March 1, 2005, insofar as the trial court found Defendant-Appellant owed any attorney fees to Plaintiff-Appellee."
 {¶ 21} R.C. 3109.05(C) requires the trial court to impose reasonable attorney's fees on a party who is found in contempt of court for failure to make court-ordered support payments. The decision to award attorney's fees is a matter within the sound discretion of the trial court. Rand v. Rand (1985),18 Ohio St.3d 356, 359. Absent a clear abuse of discretion, a reviewing court will not reverse the judgment of the trial court. Birathv. Birath (1988), 53 Ohio App.3d 31, 39. When evaluating a motion for attorney's fees in a post-divorce decree proceeding, the trial court must consider both the supporting spouse's ability to pay and the supported spouse's need. Cohen v. Cohen
(1983), 8 Ohio App.3d 109. A trial court does not per se abuse its discretion by awarding attorney's fees in an amount less than what has been requested. Nori v. Nori (1989),58 Ohio App.3d 69; Norris v. Norris, Cuyahoga App. No. 83547, 2004-Ohio-4072;Kelley v. Kelley (Sept. 15, 1994), Cuyahoga App. No. 66137. Indeed, "it is recognized that domestic relations cases tend to consume a considerable amount of time and that counsel must generally realize that he cannot always expect full compensation for the time so consumed." Swanson v. Swanson (1976),48 Ohio App.2d 85.
 {¶ 22} Here, the magistrate found that there were novel and difficult questions involved, requiring the amount of time expended by Patricia's attorney. Accordingly, the magistrate found that the attorney's fees of $5,436 were reasonable and necessary and that the amount of time expended on such services was fully compensable. Eli objected, and the trial court reduced the award of attorney's fees to $2,218 without opinion.
 {¶ 23} We find that the trial court did not abuse its discretion when it reduced the award of attorney's fees. In this case, the record shows a change of circumstances that warranted the modification of spousal support that was ultimately ignored in the award of attorney's fees to Patricia. Furthermore, the magistrate's award of attorney's fees included all fees for the motion to modify, Patricia's motion to continue, and subsequent motion to reconsider her motion to continue, not just the motion for contempt. In addition, Patricia's need does not outweigh Eli's ability to pay. Accordingly, Patricia's second assignment of error and Eli's third assignment of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Blackmon, J., concur.